■ OSCAR K. STERNBERG, Respondent, v. SAMUEL ZARETSKY, Appellant. — In an action to foreclose a chattel mortgage, in which a judgment of foreclosure and sale was entered listing the chattels to be sold and directing the defendant to cause such chattels "to be and remain at all times at the premises described in the mortgage and to make the same available for the sale pursuant to this judgment", the defendant appeals: (a) from an order of the Supreme Court, Kings County, made August 23, 1963 upon reargument, adhering to the original decision; and (b) from the original order, dated August 21, 1963, which adjudged the defendant guilty of contempt by reason of his willful disobedience of the said quoted direction contained in the judgment. Appeal from the original order of August 21, 1963 dismissed, without costs as academic; it was superseded by the order made on reargument. Order of August 23, 1963, made on reargument, modified on the facts as follows: (1) by striking out the paragraph adhering to the original decision, and by substituting therefor a paragraph adhering to such decision except as modified; and (2) by adding a provision modifying the order of August 21, 1963, to the extent of striking out from its first decretal paragraph (wherein defendant is adjudged in contempt for failure to deliver certain specified items) the items listed as: "one (1) Conveyor table with 3 horsepower motor" and "one (1) Forty-five hundred (4,500) gallon lye tank". As thus modified, the order of August 23, 1963 is affirmed, without costs. Defendant's time to purge himself of the contempt, as set forth in the fourth decretal paragraph of the order of August 21, 1963, is extended until 30 days after entry of the order hereon. The test for determining contempt is that the mandate "should be clearly expressed, and when applied to the act complained of, it should appear with reasonable certainty that it had been violated" (*Matter of Carlson* v. *Podeyn*, 12 A D 2d 810, 811, mot. for lv. to app. den. 12 A D 2d 969). As to the category of items which were sold to plaintiff and which defendant allegedly impeded in delivery, there are two such items (specifically described above) which do not meet the test. As to one of them, there was a mistaken bill of sale and delivery by the Sheriff to a person other than the plaintiff, and the plaintiff admits this inadvertent error. The auctioneer's list shows that the item was sold to plaintiff. As to the second such item, there is an uncontroverted allegation that the Sheriff himself prevented delivery to plaintiff unless a bond be posted because the item was alleged to be part of the realty and removal may have caused material damage thereto. Thus, as to these two items it is not reasonably certain that defendant violated the judgment. We find that the defendant's conduct was contumacious with respect to the remaining items in this category and with respect to the items in the other category of items which were not made available for sale. In our opinion, the imposition of the $1,000 fine was proper and, under all the circumstances, a hearing prior to fixing the fine in that amount, was unnecessary. Beldock, P. J., Ughetta, Kleinfeld, Christ and Rabin, JJ., concur.