■ In the Matter of BENSON REALTY CORP., on Its Own Behalf and on

Behalf of All Others Similarly Situated, Respondent-Appellant, v ALBERT A. WALSH, as Administrator of the Housing and Development Administration of New York City, et al., Appellants-Respondents.—Judgment, Supreme Court, New York County, entered October 18, 1973, adjudging respondents, city officials, (appellants in this court) guilty of contempt, is unanimously reversed and vacated on the law and the facts, without costs and without disbursements, and the motion to punish for contempt is denied. Cross-appeal by petitioners from said judgment to the extent of claimed inadequacy of the fine is unanimously dismissed, without costs and without disbursements, as moot in view of the foregoing determination. Appellants, city officials administering the city's rent control laws, have been found guilty of contempt of an order of the Supreme Court, Fino, J., dated June 2, 1972, in that they had "inexcusably disobeyed * * * the direction therein that the Respondents issue outstanding MBR [Maximum Base Rent] Orders by June 21, 1972." Appellants contend that they thought the order authorized them to pursue the alternative course of permitting landlords to whom MBR Orders were not issued to collect the maximum 7½% increase by the issuance of interim orders, and that in the light of the practicalities of the situation that was the course they pursued. "[A]s punishment for contempt involves, or may involve, not only loss of property but liberty, it is a reasonable requirement that the mandate alleged to be violated should be clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it had been violated." (Ketchum v Edwards, 153 NY 534, 539; accord Sternberg v Zaretsky, 20 AD2d 795.) "In most cases the court will construe the judgment or order strictly and resolve any ambiguities in favor of the contemnor. Moreover, if the defendant has substantially complied or has made a good faith effort to comply with the judgment or order, and his failure to comply is caused by circumstances beyond his control or an honest mistake as to the nature of the judgment or order, the imposition of contempt sanctions would be improper." (5 Weinstein-Korn-Miller, NY Civ Prac, par 5104.15.) Whatever may be the true interpretation of the order alleged to have been violated, we think appellants were not unreasonable in interpreting it as permitting performance in the alternative method they pursued. The order dated June 2, 1972 provided: "ORDERED AND ADJUDGED that Respondents are directed to issue outstanding MBR Orders by June 21, 1972; and it is further ORDERED AND ADJUDGED that, as to those MBR Orders which are not issued by June 21, 1972, Petitioners * * * will be authorized and permitted by the Respondents through the issuance of interim orders, even where an Error Correction request is outstanding, to collect the maximum 7½% rent increase retroactive to January 1, 1972". Petitioners' original prayer for relief as recited in the order alleged to have been violated was for a judgment compelling the issuance of MBR Orders "or, in the alternative, to permit Petitioner and those similarly situated, to immediately charge and collect an additional 7½% of the present rentals". Again, another decretal paragraph in the same order directed appellants to make information available to interested parties where MBR Orders had not as yet been issued and to permit evidence to be submitted as to errors in appellants' records and required appellants to "issue MBR orders of grant or denial, or interim orders on or before July 21, 1972". Appellants' interpretation of the order as being one in the alternative was thus not an unreasonable one. As the proceeding was a "class action" on behalf of thousands of landlords, it was anticipated by the court and apparently by petitioners that appellants would not be able to issue all the outstanding MBR orders in the 19 days. It is true that

appellants' records were in great confusion; there were apparently problems with the computers; and the information that appellants furnished to the court below reflected this confusion. But we think, in the light of the difficulties involved and appellants' belief that it would not have been possible to issue a significant number of additional MBR Orders by June 21, 1972, that appellants' acts constituted a good faith effort to comply with both the spirit and what they deemed the letter of the order, and that they should not therefore be held in contempt. Concur—Markewich, J. P., Kupferman, Silverman, Capozzoli and Lane, JJ.