■ In the Matter of ADELAIDE A. HANNAN, Respondent, v BOARD OF EDUCATION, COMMACK UNION FREE SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Education, Commack Union Free School District (the board) to afford petitioner the benefits of section 3020-a of the Education Law, the board appeals from a judgment of the Supreme Court, Suffolk County, entered March 24, 1976, which adjudged that the petitioner was a tenured employee of the school district and that she was entitled to the full benefits provided for in section 3020-a of the Education Law prior to discharge. Judgment affirmed, with $50 costs and disbursements. Petitioner, Adelaide Hannan, filed an application with the board on August 6, 1971 for a position as a librarian. At the time she was certified not only as a librarian but also as an elementary school teacher-common branch and as a social studies teacher in the secondary schools. On September 2, 1971 she was appointed by the board as a librarian in an elementary school. However, on April 13, 1972 she was informed in writing by the personnel director that staff needs would not permit her retention in her position beyond June 30, 1972. By letter dated June 14, 1972 the personnel director informed the petitioner that "it is now possible to offer you continuing employment for the 1972-73 school

year." She was told that her new assignment would be as an elementary school classroom teacher. The petitioner accepted the reassignment and served in that capacity for one school year. Prior to the 1973-1974 school year, because of attrition in the district-wide library staff, the petitioner was returned to her prior position as an elementary school librarian. On April 24, 1974 the personnel director again notified the petitioner that current staffing needs would not permit the continuance of her employment in her present position beyond June 30, 1974. However, on June 7, 1974 she was offered and she accepted "continued employment" as a social studies teacher at a high school. On October 23, 1974 an opening in an elementary school occurred and the petitioner requested, in writing, that she be returned to "elementary school to work." On October 24, 1974 she was reassigned to an elementary school as a classroom teacher. By letter dated January 6, 1975 the petitioner was notified by the board, *inter alia*, that in view of the continuing decline in school enrollment, it was anticipated that a number of elementary classroom teaching positions would be eliminated during the coming school year. She was told that a teacher with at least three years' seniority in the district whose position is eliminated would be entitled to immediate reassignment to any existing vacant position for which he or she was certified. Furthermore, in the event a vacant position does not exist, a teacher with at least three years' seniority may displace a probationary teacher with less seniority, provided the senior teacher is certified for such a position. On May 2, 1975 the petitioner filed with the board a request for reassignment to the secondary schools, effective September 1, 1975, in the subject areas of library or social studies. On June 26, 1975 the personnel director notified petitioner that, effective September 1, 1975, she would be a social studies teacher at Commack High School North. On October 7, 1975 petitioner was notified by the superintendent of schools that, based upon a recommendation of her principal, he would not recommend her continued employment beyond November 6, 1975 and that said question would be discussed by the board on that date. By letter dated October 14, 1975 the petitioner was told that, effective October 15, 1975, and continuing through November 6, 1975, she was suspended with pay. By telegram dated October 22, 1975, and by letter dated October 23, 1975, the petitioner asked that she be told the reasons for the termination of her employment. By letter dated October 23, 1975 the board notified the petitioner that her request to know the reasons for her termination was denied as untimely. In early November, 1975 the petitioner commenced the instant CPLR article 78 proceeding. In support thereof she argued, *inter alia*, that since she had been continually employed by the board for more than three years she became a tenured teacher. Therefore, she was entitled to a hearing before being discharged. The board argued, *inter alia*, that the positions of librarian and elementary school teacher were two separate tenure areas so that the petitioner had never served a three-year probationary term in any one tenure area so as to entitle her to gain tenure. Special Term held that librarian and elementary school teacher were not separate tenure areas and, therefore, that the petitioner was a tenured employee. In reaching that decision Special Term relied heavily on the case of *Matter of Baer v Nyquist* (34 NY2d 291), in which the Court of Appeals discussed the concept of tenure. It was held therein that a board of education should not engage in "radical restructuring" of the traditional tenure areas without reference to some "controlling regulations or express standards" proposed by the Board of Regents or enacted by the Legislature, and even then the board should do so only in a prospective manner (p 294). The board contends on this appeal that the

holding in the case of *Steele v Board of Educ.* (40 NY2d 456), which was decided after Special Term reached its decision in the instant proceeding, requires a reversal herein. We do not agree. In *Steele* the petitioners, who were elementary school guidance counselors, sought reinstatement after having been dismissed due to the city's severe financial crisis. The question presented was whether prior service as elementary school teachers should be considered in determining tenure seniority for elementary school guidance counselors. In holding that elementary school guidance counseling is an independent tenure area, the Court of Appeals placed great weight on its finding (p 463) that "elementary school teachers were sufficiently alerted to the fact that in leaving their classrooms and taking on the duties of guidance counselors they were entering an entirely indepedent tenure area, one in which their previous elementary teaching experience would not be relevant in determining seniority". The court considered different factors in reaching this conclusion and in thereby holding that the board of education had not undertaken radical restructuring of the tenure areas. We have considered the factors set forth in *Steele* in relation to the instant matter and we find that the petitioner was not "sufficiently alerted to the fact" that, in leaving her position as a librarian and taking on the duties of an elementary school teacher, she was "entering an entirely independent tenure area", in which her previous experience "would not be relevant in determining seniority" (cf. *Matter of Mitchell v Board of Educ.*, 40 NY2d 904, 905). Therefore, we agree with Special Term that librarian and elementary school teacher were not two separate tenure areas and that, accordingly, the petitioner was a tenured employee entitled to a hearing prior to her being discharged. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Hawkins, JJ., concur. [86 Misc 2d 299.]