■ In the Matter of PEARL RIVER TEACHERS ASSOCIATION et al., Appellants, v GEORGE WESTBROOK et al., Individually and Constituting the Pearl River Union Free School District, et al., Respondents.—In a proceeding to punish respondents for contempt for their willful refusal to comply with an order and judgment of the Supreme Court, Rockland County, both dated April 23, 1975, which, *inter alia,* confirmed an arbitration award, the appeal is from an order of the same court, dated June 15, 1976, which dismissed the proceeding. Order affirmed, without costs or disbursements, and without prejudice to reapplication by the individual plaintiffs for reinstatement pursuant to the guidelines of subdivision 2 of section 2510 of the Education Law. The arbitration award sustained the grievances of the individual appellants and ordered the respondent school district "to reinstate them for a period of one year to complete the evaluations required under the collective bargaining agreement." The award was confirmed by the Supreme Court, and respondents did not appeal therefrom, thus rendering the award final (see *Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167). This proceeding was then instituted to punish for contempt. Appellants Anne Herrfurth and Hadassah Winninger were, respectively, a remedial reading specialist and a high school librarian. Both had been severed from employment at the end of the 1972–1973 school year (wrongfully, as determined by the arbitration award). During their ensuing unemployment, both of the district's remedial reading positions were abolished and, of the two full-time high school librarian positions, only one remained, and that was filled by a librarian senior to Ms. Winninger. The respondent school board interpreted the award's use of the word "reinstate" to mean to the exact same position and, if such position no longer existed (or was occupied by another with senior service), then the teachers were not to be restored to active teaching but, instead, their names were to be placed on a preferential re-employment list. We may not, on this record, conclude that the school board's refusal to re-employ these teachers constituted either criminal or civil contempt. We may not assume that on reapplication for re-employment the respondents will fail to abide by subdivision 2 of section 2510 of the Education Law (see *Matter of Hannan v Board of Educ.,* 55 AD2d 647; cf. *Matter of Robinson v Roosevelt Union Free School Dist.,* 57 AD2d 570). Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.