■ PAINE, WEBBER, JACKSON & CURTIS INCORPORATED, Respondent, v PIONEER WAREHOUSE CORP., Appellant.—Order, Supreme Court, New York County, entered August 19, 1977, granting plaintiff's motion to punish defendant and its president Marshall P. Safir for contempt of court, is unanimously reversed, on the law, and the motion to punish for contempt denied, without costs and without disbursements. Appeal from order, Supreme Court, New York County, entered November 10, 1977, denying reargument, is unanimously dismissed, without costs and without disbursements. The dispute involves the right of plaintiff to access to and possession of their records in the possession of defendant Warehouse Corporation. Concededly plaintiff has obtained access to those records, though not without difficulty. The alleged contempt is the failure of defendant to turn over possession of the records to plaintiff. "But as punishment for contempt involves, or may involve, not only loss of property but liberty, it is a reasonable requirement that the mandate alleged to be violated should be

clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it had been violated." *(Ketchum v Edwards,* 153 NY 534, 539; accord *Matter of Benson Realty Corp. v Walsh,* 54 AD2d 881.) "In most cases the court will construe the judgment or order strictly and resolve any ambiguities in favor of the condemnor." (5 Weinstein-Korn-Miller, NY Civ Prac, par 5104.15.) Plaintiff moved to punish defendant and its president for contempt for their willful refusal to comply with an order of the Supreme Court entered June 9, 1977, and the order appealed from punishes them for contempt for their failure to comply with the order of June 9, 1977. We do not find in the order of June 9, 1977 a mandate to turn over possession of the records, expressed with sufficient clarity to warrant a contempt proceeding based on a failure to comply with such a mandate. The order of June 9 was not in customary order form but was rather in the form of a memorandum opinion by the Special Term with a short form order stating that the motion is decided in accordance with the attached memorandum. The memorandum is somewhat more discursive than a conventional order would be. The only reference in the memorandum to turning over plaintiff's property and records is contained in a sentence stating how defendant Safir might purge a previous contempt. And it is followed by the statement that if storage charges are due, plaintiff will pay them; that if there is disagreement as to the amount of storage charges, the parties are requested to appear in the Judge's chambers at a given date; and then there is a repetition that the issue of final turnover in no way alters the finding of contempt for a previous failure to allow access "and the method of purging such contempt by immediately permitting access to records, although they are not to be moved at this time." Nowhere is there a flat unequivocal *direction* to turn over records. Although the contempt here is based on the alleged violation of the June 9, 1977 order, we may add that our attention has not been called to any other order unequivocally directing the turnover of the records. The present determination is without prejudice to an application for such an unequivocal order, or to any application based on violation of any unequivocal order already in existence, if such there be. Concur—Kupferman, J. P., Birns, Silverman, Lane and Markewich, JJ.