■ MAHOPAC TEACHERS ASSOCIATION, Appellant, v BOARD OF EDUCATION OF THE MAHOPAC CENTRAL SCHOOL DISTRICT, Respondent.—In a proceeding to confirm an arbitration award, in which the award was confirmed in a judgment of the

Supreme Court, Putnam County (Dickinson, J.), dated March 26, 1985, the petitioner appeals from an order of the Supreme Court, Putnam County (Rosato, J.), dated March 23, 1987, which denied its application to hold the respondent in contempt for failing to comply with the judgment.

Ordered that the order is affirmed, with costs.

In September 1982 the petitioner Mahopac Teachers Association (hereinafter the Association) filed a grievance alleging, *inter alia,* that the respondent Board of Education of the Mahopac Central School District (hereinafter the board) had violated a collective bargaining agreement by failing to post for the 1982-1983 school year a teaching vacancy created by the appointment of an elementary school teacher to an administrative position. In January 1984 an arbitrator found in favor of the Association and directed the posting of the vacancy for the 1984-1985 school year. By judgment dated March 26, 1985, the Supreme Court confirmed the arbitrator's award. In March 1986 after the board failed to perfect its appeal from the judgment confirming the award, the Association wrote the board demanding "that the Board perform its duty and post the vacancy at issue." In response to this demand, the board in April 1986 posted the position but announced in the same notice that "this position was abolished by resolution of the board of Education on June 12, 1984 due to declining enrollment". In August 1986 the Association made an application to punish the board for failing to obey the judgment which confirmed the arbitrator's award. In the order appealed from, the application was denied.

We find that the Supreme Court properly determined that the board's actions did not constitute either criminal or civil contempt. The Court of Appeals has stated that "[f]aced with spiraling operating costs and ever increasing demands on their tax bases, school districts must have sufficient latitude within the law to manage their affairs efficiently and effectively. This implies, where appropriate, the power to consolidate and abolish positions for economic reasons" *(Matter of Young v Board of Educ.,* 35 NY2d 31, 34).

Based upon our review of the record we agree with the Supreme Court's determination that the board should not be held in contempt for failing to fill a vacancy no longer in existence due to declining school enrollment *(see, Matter of Pearl Riv. Teachers Assn. v Westbrook,* 57 AD2d 570, *lv dismissed* 42 NY2d 811, 1073). In addition we note that the arbitrator's award and the judgment confirming it only required the *posting* of the vacancy. " 'As punishment for

contempt involves, or may involve, not only loss of property but liberty, it is a reasonable requirement that the mandate alleged to be violated should be clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it had been violated.' *(Ketchum v Edwards,* 153 NY 534, 539; accord *Matter of Benson Realty Corp. v Walsh,* 54 AD2d 881.) 'In most cases the court will construe the judgment or order strictly and resolve any ambiguities in favor of the contemnor.' (5 Weinstein-Korn-Miller, NY Civ Prac, par 5104.15, pp 51-56; see, also, *Paine, Webber, Jackson & Curtis v Pioneer Warehouse Corp.,* 61 AD2d 756)" *(Matter of Molino Pastificio DiPonte San Giovanni, S.p.A. [Andre & Cie],* 73 AD2d 561, 562).

We have examined the Association's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.