■ ROBERT STUART et al., Appellants, v TOWN OF WELLS, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (White, J.), entered March 8, 1989 in Hamilton County, which, *inter alia,* granted defendant's cross motion for summary judgment and made a declaration in defendant's favor.

Plaintiffs commenced this suit seeking to enjoin defendant, the Town of Wells in Hamilton County, from altering, changing or taking without due process of law a gravel road known as Kibler Point Road. This road runs across a parcel of land which plaintiffs purchased in 1981 adjacent to Algonquin Lake. Allegedly several landowners who own homes or camps

along the lake have easements permitting them to use the road as a right-of-way. Defendant maintains, however, that Kibler Point Road, although apparently never laid out or formally dedicated as a town highway, became such by way of public use over a period of 10 years (see, Highway Law § 189). Following joinder of issue, plaintiffs moved for a preliminary injunction and defendant cross-moved for summary judgment. Supreme Court granted defendant's cross motion and this appeal by plaintiffs ensued.

We affirm. In order to show that a road has become a public way by use it is necessary to demonstrate not only use by the public but also that the roadway was kept in repair or was taken in charge by public authorities (see, Diamond Intl. Corp. v Little Kildare, 22 NY2d 819; Gardner v Suddaby, 70 AD2d 990, appeal dismissed 48 NY2d 706). Defendant tendered evidentiary proof in admissible form sufficient to warrant granting summary judgment in its favor (see, CPLR 3212 [b]). Specifically, attached to defendant's motion papers are sworn affidavits from a former Town Highway Superintendent, two former Town Board members, the present Town Supervisor and three present or former town employees who attested to the fact that from at least 1966 to the present, defendant has, without challenge from anyone, plowed and sanded Kibler Point Road in the winter and added gravel to it every spring and fall. In addition, these individuals stated that defendant was responsible for placing a water pipe, fire hydrant and drainage culvert at or near the road in question.

In response to these assertions, plaintiffs were required to submit proof in admissible form sufficient to raise a question of fact necessitating a trial (see, supra). Plaintiffs submitted an affidavit from a former Town Supervisor (1965 to 1978) which stated in a conclusory fashion that although the road was indeed plowed on occasion, "the area was not maintained as a Town Highway". Conclusory statements are insufficient to defeat summary judgment motions (see, Zuckerman v City of New York, 49 NY2d 557, 562; Heffernan v Colonie Country Club, 160 AD2d 1062). Also attached to plaintiffs' papers is an affidavit from plaintiff Robert Stuart, also a former Town Supervisor (1979 to 1981), which contained the conclusory statement that the road was not maintained by defendant other than occasional plowing and sanding. Stuart then went on to deny the allegation that regular maintenance was performed on the road. However, this latter statement was controverted by excerpts from an examination before trial of Stuart attached to defendant's reply affidavit. In that testi-

mony, Stuart admitted that Kibler Point Road was plowed during the winter and that once or twice a year defendant would place gravel upon it. Accordingly, no questions of fact were raised by these papers and Supreme Court properly granted defendant's cross motion for summary judgment.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.