■ ANDREW L. PROVENCHER et al., Appellants, v TOWN OF SARANAC, Respondent.—Kane, J. P. Appeal from an order of the Supreme Court (Plumadore, J.), entered March 28, 1990 in Clinton County, which, in an action pursuant to RPAPL article 15, determined a certain road in the Town of Saranac to be a public road.

Plaintiffs are the owners of certain premises situate in the Town of Saranac, Clinton County, which border on a dirt road approximately 500 feet in length known as Parsonage Road or Gonang Drive. This road, running generally east and west, connects Upper Saranac Road to State Route 3 and serves as a driveway for plaintiffs and the parsonage of the First Methodist Episcopal Church, the only other dwelling along the road. In early 1989, plaintiffs asserted private ownership of the road and placed a log barrier across the road, posted signs and chained a guard dog nearby to prevent public use of the road and access to the church parsonage therefrom. Defendant responded, contending that it was a town highway, and threatened legal action against plaintiffs if they failed to remove the obstructions and persisted in their claim of title. Plaintiffs commenced this action which resulted in a determination by Supreme Court that the roadway at issue is a public road.

We affirm. There is ample evidence in the record to support the finding of Supreme Court. Testimony of the Town Supervisor, the Town Superintendent of Highways and a former longtime employee of the Town Highway Department established that, for a period of over 10 years, defendant plowed and sanded the road in question during the winter months and performed other work necessary to maintain, care for and improve the road, such as widening, grading and adding Stabmat, a form of gravel, to the surface of the road. Additionally, there was testimony that the road was used by the general public. Therefore, in accordance with the provisions of Highway Law § 189, Parsonage Road/Gonang Drive is a public road *(see, Stuart v Town of Wells,* 161 AD2d 1073; *Matter of Jemzura v Mussision,* 161 AD2d 851; *see also, Matter of Hillelson v Grover,* 105 AD2d 484).

Order affirmed, without costs. Kane J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.