■ In the Matter of ROBERT DANIAL et al., Appellants-Respondents, v TOWN OF DELHI et al., Respondents, and JOAN E. PAWLIKOWSKI, Appellant.—Mahoney, J. Cross appeals from a judgment and amended judgment of the Supreme Court (Mugglin, J.), entered March 19, 1991 and April 2, 1991 in Delaware County, which, inter alia, dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Town Board of the Town of Delhi denying petitioners' request for approval of their subdivision plan.

In 1989, petitioners purchased a 541-acre farm situated in the Towns of Delhi and Hamden, Delaware County, for purposes of development. Apparently included in the sale was a narrow strip of land approximately 33 feet by 850 feet used as a roadway which traversed the property of respondent land- owners (hereinafter the landowners) and connected the subject property to Engert Road. This roadway is known as Town Line Road. Shortly after purchase, petitioners made application for approval of a 35-lot subdivision thereon, but were turned down by the Planning Board of the Town of Delhi on grounds that Town Line Road was too narrow and thus inadequate in its present condition to service the increased traffic from the proposed subdivision. Being unable to reach an agreement with the landowners to purchase a narrow strip of their land for purposes of widening and improving that part of the road which crossed their properties, petitioners made application to respondent Town Board of the Town of Delhi (hereinafter the Board), apparently pursuant to Highway Law § 172, to widen Town Line Road, contending that under Highway Law § 189 respondent Town of Delhi (hereinafter the Town) had a duty to widen the road to three rods (i.e., 49.5 feet). After public meetings on this issue were held, at which time the landowners strenuously objected to the Town's taking an additional right-of-way for this purpose, the Board, by Resolution No. 39 (1990), concluded that Highway Law § 189 does not *require* the Town to open Town Line Road to three rods as petitioners claimed and, finding that the improvement would serve no public purpose and only facilitate petitioners' private financial gain, declined to condemn a right-of-way for this purpose.

Petitioners then commenced this combined CPLR article 78 proceeding and declaratory judgment action against, among others, the Town, the Board and the landowners seeking to have Resolution No. 39 (1990) annulled, to declare the nature and extent of the Town's prescriptive or implied easement over Town Line Road, and to compel the opening of said road to a width of three rods.[1] Supreme Court dismissed that portion of the complaint seeking a declaratory judgment as against the landowners regarding the existence of an easement in favor of the Town over that portion of their property necessary to allow a widening of Town Line Road to three rods, concluding that an action against individual persons

---

1. Of the five landowners named in the combined proceeding, only respondent Joan E. Pawlikowski appeared.

cannot be maintained under cover of a CPLR article 78 proceeding. With regard to the municipal claims, the court found that Town Line Road was a Town highway by use, its width was limited to the extent of the actual use (i.e., 33 feet) and that Highway Law § 189 does not *require* a municipality to acquire additional lands and open a highway to the stated three rod width unless it will benefit the community and the public in general. Finding the Board's resolution that widening was not necessary or in furtherance of the overall public good neither arbitrary, capricious nor an abuse of discretion, Supreme Court dismissed the petition. Petitioners appeal; respondent Joan E. Pawlikowski cross-appeals from that portion of the judgment and amended judgment determining Town Line Road to be a Town highway.[2]

Notwithstanding Pawlikowski's protestations to the contrary which, from a reading of the record, apparently were not raised in Supreme Court, we find that the evidence submitted supports Supreme Court's conclusion that Town Line Road has become a Town highway by use within the meaning of Highway Law § 189, that is, it has "been used by the public as a highway for the period of ten years or more". The public use requirement has been construed to necessitate a showing that the road was open to use by the public and kept in repair or taken in charge and adopted by the public authorities *(Johnson v City of Niagara Falls,* 230 NY 77, 82-83; *see, Provencher v Town of Saranac,* 168 AD2d 770; *Stuart v Town of Wells,* 161 AD2d 1073; *Matter of Jemzura v Mussision,* 161 AD2d 851, *lv denied* 76 NY2d 714). In our view, the evidence submitted by petitioners, to wit, records establishing that Town Line Road has been listed on the inventory of Town roads filed by the Town with the Delaware County Department of Public Works since 1965 and evidence indicating that said road has been duly recorded and laid out as a Town highway on the Delaware County highway map, accompanied by the Town's admission of the road's status as a Town highway, is sufficient, in the absence of *any* countervailing proof *whatsoever* submitted by Pawlikowski, to support the court's conclusion.

We likewise concur that the Town's interest in Town Line Road is limited to the actual extent of its use. It is now clear

---

2. Initially, we reject the municipal respondents' contention that petitioners lack standing to maintain this combined proceeding *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 413; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6; *cf., Clempner v Town of Southold,* 154 AD2d 421).

that the width of a public highway acquired by use pursuant to Highway Law § 189 is limited to its present width, even though that width may be less than the statutorily prescribed three rods *(see, Matter of Hill v Town of Horicon,* 176 AD2d 1169). While not directly addressed by Supreme Court, we are not persuaded that the Town somehow acquired an easement by implication or that one exists under the principles of equitable estoppel over that portion of the landowners' property necessary to widen the road to three rods as the result of a prior subdivision approval of the landowners' properties from their common grantor.[3] Petitioner has utterly failed to satisfy the showing necessary for establishment of an easement by implication *(see, Kusmierz v Baan,* 144 AD2d 829, 830-831; *see also, Firsty v De Thomasis,* 177 AD2d 839; *cf., Van Schaack v Torsoe,* 161 AD2d 701). Nor is there any basis for finding that the landowners (or the Town) are equitably estopped from denying the existence of an easement. The record is devoid of any indication that any of respondents, by words or actions, led anyone to believe that they could have use of the 17-foot strip of land in question *(see generally,* 49 NY Jur 2d, Easements, § 53, at 141-142).

Supreme Court also correctly concluded that the Town had no affirmative duty to open Town Line Road to three rods and thus properly dismissed petitioner's application to compel same *(see, Matter of Hill v Town of Horicon, supra).* And, in light of the circumstances, notably the negligible public benefit and justifiable objections of the landowners, Supreme Court properly found that the Board's resolution declining to condemn a 17-foot right-of-way and to widen the road was neither arbitrary nor capricious *(cf., supra).*

Finally, we agree with petitioners that under these circumstances, because the property rights sought to be declared directly affected the landowners, it was error for Supreme Court, *sua sponte,* to dismiss the declaratory judgment claims against them. However, because Supreme Court's substantive determination, with which we agree, is dispositive of the entire controversy including the claims asserted against petitioner, and because the dismissal was *sua sponte,* occurring

---

3. The basis of this claim is that because the Town subdivision regulations require that all subdivided lands front on and have direct access to a street duly placed on the official map, and because all streets are statutorily required to be three rods in width, when the landowners' common grantor applied for subdivision approval of her land she impliedly granted an easement to the Town over a 17-foot strip of her lands adjoining Town Line Road.

after submission of all the proof and presentation of arguments which evidence and arguments the only appearing landowner (Pawlikowski) fully participated in, any procedural error in this regard is harmless.

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the judgment and amended judgment are modified, on the law, without costs, by reversing so much thereof as dismissed petitioners' declaratory judgment claims against respondent Joan E. Pawlikowski; it is declared that Town Line Road is a Town highway by use within the meaning of Highway Law § 189 and that respondent Town of Delhi has no easement by implication or estoppel over that portion of the lands of respondent Joan E. Pawlikowski necessary to widen said road to three rods width; and, as so modified, affirmed.