■ TOWN OF DRESDEN, Appellant, v GUNTA K. VOUTYRAS et al., Respondents. [666 NYS2d 242] —Crew III, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered June 22, 1994 in Washington County, upon a decision of the court in favor of defendants.

At issue on this appeal is whether a certain road, known as Chubbs Dock Road, located in the Town of Dresden, Washington County, has become a highway by prescription pursuant to Highway Law § 189. Chubbs Dock Road commences at the now dilapidated Chubbs dock on the western shore of Lake Champlain and proceeds generally westerly to a public crossing of the Delaware and Hudson Railroad. The road then continues from the railroad crossing to County Highway 22 and from that point on is known as Clemons Road. The road has existed for nearly 150 years and in the 19th century served as a conduit for provisions delivered by steamboat and hauled to the central part of the Town.

In 1958, Eduards Krasts and Lydia Krasts purchased the real property surrounding Chubbs Dock Road and, in 1985, they conveyed this property to their daughter, defendant Gunta

K. Voutyras (hereinafter Voutyras).[1] In 1988, defendants erected a permanent fence across the road on the east side of the railroad crossing blocking public access to Lake Champlain. As a consequence, plaintiff commenced this action seeking a determination that Chubbs Dock Road is owned by plaintiff and is a public highway. Following a nonjury trial, Supreme Court found in favor of defendants, concluding that plaintiff had failed to prove that it had assumed control of the road, prompting this appeal by plaintiff.

In our view, Supreme Court was incorrect in its finding and, pursuant to this Court's power to review factual findings in nonjury cases, we will grant the judgment warranted by the record (see, Matter of Hall v Barnes, 225 AD2d 837, 839). Although we traditionally grant great deference to credibility determinations made by Supreme Court when conflicting testimony exists (see, Kellogg v Kellogg, 185 AD2d 426, 427), our review of the record does not reveal any significant conflict in the testimony and, even accepting the testimony of defendants' witnesses, the evidence predominates in favor of plaintiff.

In order for plaintiff to establish a highway by prescription, it must demonstrate that Chubbs Dock Road was used by the public as a highway, that such use lasted for a period of 10 years or more (see, Highway Law § 189) and that the municipality adopted the road by asserting its dominion and control over it (see, e.g., Johnson v City of Niagara Falls, 230 NY 77, 83). Testimony by various longtime residents, Town highway employees, a former and current Town Highway Superintendent and other municipal officials demonstrated that the road in question was used by the public for transporting goods from the Chubbs dock to the center of the Town from as early as 1838. To be sure, public use of the road has greatly diminished in recent years; nevertheless, the record reveals that it continues to be used by the public to gain access to Lake Champlain and as a snowmobile route. A 1940 highway planning survey map was received in evidence depicting plaintiff's roads, which included Chubbs Dock Road. Additionally, in the late 1950s, heavy cobblestones were hauled in and placed on the road because, at the time, it was in particularly bad shape. Further, in 1980, the Town designated Chubbs Dock Road as a

---

1. In 1988, Voutyras transferred title to herself and her husband, defendant Constantine Voutyras, who died during the pendency of this action. It was thereafter stipulated that Voutyras was the proper party in interest, although Constantine Voutyras was never formally removed as a named defendant.

snowmobile road. Finally, testimony of the former and current Town Highway Superintendents revealed that the level of the Town's maintenance of this unimproved road was the same as that performed on similar Town roads, and such maintenance included the spreading of gravel on the road from time to time and the repair of potholes that developed, particularly in the spring when the road was subject to annual flooding.

In our view, the foregoing evidence is more than sufficient to establish use and maintenance for a period in excess of 10 years, thereby establishing a highway by prescription (*see, La-Salle Co. v Town of Hillsdale*, 199 AD2d 685), and the testimony offered by Voutyras and her mother, Lydia Krasts, does not refute such a finding. Essentially, Krasts testified that as the owners of the property abutting the road, she and her husband operated a boat rental business at the Chubbs dock and had four cabins located near their residence, which they rented out. In that regard, they posted signs prohibiting hunting or trespassing. Although Voutyras testified that she continued to operate this business until 1988, the operation of such business is not at all inconsistent with a finding that the road in question was, and continued to be, a public highway. And while Voutyras testified that she personally invested approximately $3,000 in improving the road, such alleged improvement was done subsequent to the commencement of this action and is, therefore, irrelevant to the question of public use prior thereto (*cf., La France v Town of Altamont*, 277 App Div 917).[2]

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and judgment is awarded in favor of plaintiff.

---

**2.** It is of some significance that Voutyras was asked to produce receipts evidencing such expense, which she did not or could not do, and no one allegedly responsible for effecting such improvement was called to testify.