■ In the Matter of the Arbitration between COUNCIL 82, AFSCME, AFL-CIO, et al., Appellants, and JAMES L. CAMPBELL, as Sheriff of Albany County, et al., Respondents. [701 NYS2d 719] —Carpinello, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 28, 1999 in Albany County, which denied petitioners' motion to hold respondents in contempt of an arbitration award confirmed in a prior proceeding pursuant to CPLR article 75.

Petitioners seek to hold respondents in contempt for their alleged violation of a 1993 arbitration award resolving a dispute over mandatory overtime. The award required respondent Albany County Sheriff's Department to follow the seniority requirements outlined in the parties' collective bargaining agreement. It was confirmed by Supreme Court in a CPLR article 75 proceeding and reduced to judgment in December 1994. Both parties to the arbitration (petitioner Council 82, AFSCME, AFL-CIO and the Sheriff's Department) had participated in the process under the assumption that a conflict existed between Federal civil rights laws and County Law former § 652 (2), which required the presence of a female "matron" in a correctional facility when females were confined and also required the matron to accompany any male employee in any

"section, department or room of the [correctional facility] in which any female is detained". According to the arbitrator's decision, Council 82 itself described the former County Law provision as "antiquated" and an inaccurate reflection of "the current status of the law".

Notably, the arbitrator specifically found that County Law former § 652 was not controlling because the parties had in effect "mutually agreed to recognize § 652 for what it appears to be—a somewhat outdated provision which cannot serve to supplant in any manner the parties' agreement or the subsequently enacted mandates of [State and Federal civil rights laws], statutes which obviously articulate currently dominant public policy". After the award was issued, but before it was confirmed, County Law § 652 (2) was amended (see, L 1994, ch 671). The current version omits all references to the term "matron", but continues to require that a female officer be in attendance at a correctional facility when females are confined therein and further requires that a female officer be in attendance in any housing unit where females are confined "when deemed necessary by the sheriff * * * to maintain the order and security of the facility" (see, L 1994, ch 671, § 1).

In September 1994, respondent Albany County Sheriff issued a directive "deem[ing] it necessary in order to maintain the order and security of the Albany County Correctional Facility that at least one (1) Correction Officer of the same gender be in attendance in any housing unit where inmates are confined". Thereafter, the parties entered into various side agreements pertaining to gender staffing levels at the facility. The latest agreement, effective February 6, 1996, called for two female officers to be present at the facility for the 7:00 A.M. to 3:00 P.M. shift, one to be present for the 3:00 P.M. to 11:00 P.M. shift and none to be present for the 11:00 P.M. to 7:00 A.M. shift. Serious allegations concerning inappropriate contact between male officers and female inmates in late 1998, however, caused the Sheriff to retract this latest agreement, which he had the authority to do under its express terms, and insist that one female officer be present at the facility on *all* shifts. In short, the Sheriff "became convinced that the Correctional Facility was not being staffed in accordance with the mandates of County Law § 652" and that he had no alternative but to have a female present in the facility for all shifts, especially in light of the recent events. This decision appears to be the catalyst for the instant contempt proceeding as it apparently resulted in certain female officers being required to take mandatory overtime and at least one male officer being denied overtime so

that it could be assigned to a female. Supreme Court refused to hold respondents in contempt, prompting this appeal.

To sustain a finding of civil contempt, the complaining party must establish that the order purportedly violated was in effect and unequivocally clear, and that the party alleged to have violated the order had actual knowledge of its terms (*see, e.g., McCain v Dinkins*, 84 NY2d 216, 226; *Matter of Daniels v Guntert,* 256 AD2d 940, 942; *Matter of Frandsen v Frandsen*, 190 AD2d 975, 976). Furthermore, the violation must be established with reasonable certainty, and the offending conduct must have "defeated, impaired, impeded, or prejudiced" a right or remedy of the complaining party (Judiciary Law § 753 [A]; *see, McCain v Dinkins, supra; Matter of Betancourt v Boughton*, 204 AD2d 804, 808). We cannot say, based upon our review of the record as a whole, that Supreme Court abused its discretion in denying such relief here.

The arbitration award expressed a clear mandate that County Law former § 652 (2) was to be disregarded as outdated and an inaccurate reflection of the current status of public policy. However, by virtue of the amendment to County Law § 652 (2), the legality of the award was arguably called into question. The amendment most certainly shed light on the current status of the law vis-à-vis the Sheriff's obligations in staffing the facility by "clarify[ing]" that the statute did indeed require one female officer to be present at the facility when females were confined and that a female officer was also to be present in female housing units when deemed necessary by the Sheriff (Mem of Off of Ct Admin, 1994 McKinney's Session Laws of NY, at 3311). Under these circumstances, we are loath to interfere with Supreme Court's discretionary finding that contempt has not been established with reasonable certainty (*see generally, Mahopac Teachers Assn. v Board of Educ.*, 143 AD2d 888; *Matter of Pearl Riv. Teachers Assn. v Westbrook*, 57 AD2d 570, *lvs dismissed* 42 NY2d 811, 1073; *Matter of Benson Realty Corp. v Walsh*, 54 AD2d 881, *appeal dismissed* 43 NY2d 732, *lv denied* 43 NY2d 642).

We have reviewed petitioners' remaining contentions and are unpersuaded that any mandate a contrary finding.

Mercure, Crew III and Graffeo, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is affirmed, without costs.