■ HAROLD A. EGAN, JR., Respondent, v LOWELL K. HALVERSON et al., Appellants, et al., Defendant. [706 NYS2d 494] —Graffeo, J. Appeal from an order and judgment of the Supreme Court (Best, J.), entered October 26, 1998 in Fulton County, upon a decision of the court in favor of plaintiff.

Plaintiff commenced this action seeking an injunction preventing defendants from interfering with his access to property he owns on the northern shore of Lake Canada in the

Town of Caroga, Fulton County. The parcel, with 50 feet of shoreline and a garage, was purchased by plaintiff in 1990 to facilitate the use of his guest house and two lots located on the southern side of the lake. Since the southern shore property is accessible only by boat, the garage was used to house automobiles during visits to the camp. Similarly, the 10 individual defendants also have camps on the southern shore of the lake and own shoreline on the northern side, where they maintain boathouses and use a portion of their property as a parking area. After acquiring his land, plaintiff began construction of a road from the rear of his parcel to Point Breeze Road but was ordered to cease work by the Adirondack Park Agency due to the existence of wetlands. Plaintiff asserts that he was then compelled to access his property by driving across a roadway over a portion of defendants' adjoining property. In the autumn of 1992, plaintiff received a letter from one of the defendants instructing him not to travel over the property.

After barricades were erected to prevent plaintiff's access to his property, he commenced this action against the individual defendants (hereinafter collectively referred to as defendants) and defendant Town of Caroga alleging, *inter alia*, that defendants' property used as a roadway and parking area constituted a public way. Defendants answered and interposed a counterclaim seeking to enjoin plaintiff from crossing their property. At the conclusion of a nonjury trial, Supreme Court determined that a public way existed across defendants' land, which prompted this appeal by defendants.

In order for property to be deemed a public way by use, it must be established that the road has been used by the public for a period of at least 10 years (*see*, Highway Law § 189) and that the municipality exercised dominion and control over the road (*see*, *Town of Dresden v Voutyras*, 244 AD2d 779, 780; *Stuart v Town of Wells*, 161 AD2d 1073, 1074). Here, Point Breeze Road, which provides access to defendants' property, is a dirt road and was shown on a Town map as extending across defendants' property to the lake. The Town Highway Superintendent from 1968 to 1984 testified that the area of defendants' property at issue was maintained and plowed in the winter, in part to allow the public access to the lake. He recalled the Town grading and laying gravel to maintain the unimproved road beyond defendants' property line.

Similarly, the Highway Superintendent from 1986 to the time of trial acknowledged plowing up to defendants' boathouse and explained that dirt roads in the Town are maintained as the need arises. Although the subject property had not been

oiled, the Highway Superintendent claimed that no portion of Point Breeze Road had required this type of maintenance. He also indicated that the nature and quality of Point Breeze Road and the subject property were similar and maintenance efforts included raking and grading on occasion. A former owner of land abutting plaintiff's property witnessed Town employees from 1962 through 1970 engaged in maintenance of the subject property and plaintiff's son testified that he also observed the Town grading the roadway. Furthermore, since the 1960s the Town had paid for a street light situated near the boundary line between the parties' parcels, near the terminus of a submarine cable.

In addition to the testimony regarding the Town's maintenance efforts, plaintiff also submitted evidence pertaining to public usage. Despite defendants' assertion that the property was not shown on tax maps as a roadway, the former Highway Superintendent testified that refuse haulers, pursuant to a contract with the Town, retrieved garbage at several sites in the vicinity at issue. A neighbor indicated that for many years he frequently observed people, who were not boathouse owners, on the subject property launching canoes, snowmobiling and otherwise utilizing the lake. Another lake resident described his use of the subject property spanning several decades to park his car in order to traverse the lake to gain access to his camp. Plaintiff and his son attested to the fact that they regularly used the property at issue for recreational purposes prior to the current dispute. Based on the foregoing, we conclude that a preponderance of evidence existed to support Supreme Court's finding that the property was in continuous use as a public road for more than 10 years (see, Town of Dresden v Voutyras, supra, at 780; Provencher v Town of Saranac, 168 AD2d 770; Stuart v Town of Wells, supra, at 1074; Matter of Jemzura v Mussision, 161 AD2d 851, 852, lv denied 76 NY2d 714).

We further find no merit to defendants' contention that the doctrine of collateral estoppel precludes the relief sought by plaintiff in this action in light of the fact that the administrative proceedings before the Adirondack Park Agency did not involve these defendants and the issues pertaining to public maintenance and use of the subject property were not raised during the proceeding (see, Matter of Liberty Healthcare Mgt. Group v Fahey, 257 AD2d 964, 965).

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, with costs.