JOHN WHITTON, Appellant, v JOHN A. THOMAS, SR., et al., Respondents, et al., Defendant. [807 NYS2d 454]—

Mercure, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 6, 2005 in Saratoga County, which, inter alia, declared the subject property to be a public road.

The primary issue on appeal is whether a dirt road that extends approximately two tenths of a mile beyond the 1.2-mile paved portion of Westside Drive in the Town of Ballston, Saratoga County, is a town highway by use (*see* Highway Law § 189). Westside Drive is a dead-end road that runs north from Route 146A to properties located near Ballston Lake. The unpaved portion of the road begins at plaintiff's property and continues north to properties owned by, among others, defendants John A. Thomas Sr. and Donna L. Thomas and defendants David J. Clayton and Bernice T. Clayton. In the mid-1990s, plaintiff attempted to redirect traffic off the road to another area on his property that bordered a swamp and a series of lawsuits ensued.

The action involved in this appeal was commenced by plaintiff in July 2001 after the Thomases and the Claytons obtained approval from defendant Town of Ballston to connect to the Town's water main and then hired defendant Paul Lord, a private contractor, to install a water line running under a section of the dirt road. Plaintiff asserted, among other things, property damage and trespass, and further alleged that the Town violated a temporary injunction issued in 1998 in one of

the earlier actions. Defendants argued that the dirt portion of the road had become a Town road by use. Following disclosure and motions for summary judgment, Supreme Court granted cross motions by defendants to declare the disputed property a public road and denied plaintiff's motion to hold the Town in contempt. Plaintiff appeals.

A public highway by use pursuant to Highway Law § 189 is established by showing that, for a period of at least 10 years, the road at issue was used by the public and the municipality exercised dominion and control over the road (*see Egan v Halverson*, 271 AD2d 844, 845 [2000]; *Town of Dresden v Voutyras*, 244 AD2d 779, 780 [1997]; *Salvador v New York State Dept. of Transp.*, 234 AD2d 741, 742 [1996]). Evidence supporting defendants' motions included a 1963 resolution in which the Town was presented with an inventory and map of its roads and it resolved that "the highways described in said inventory shall constitute the official Town Highway System and that said highways shall be deemed public highways." Westside Drive is listed in that resolution as 1.4 miles in length, which includes the dirt portion of the road. A Saratoga County employee whose duties included providing an inventory of the Town's roads to the Department of Transportation reported the length of the road to the state as 1.4 miles.

While traffic on the road was not heavy because of its dead-end status in an area with only a small number of residences (some of which were seasonal), there was evidence of open public use from at least the early 1960s through the time plaintiff moved onto the road in the 1980s. Moreover, several residents, as well as a Town highway superintendent, reported that during the relevant time the entire length of the road was plowed each time it snowed. In addition, municipal garbage collection extended to the dirt portion of the road. Although there is some disagreement about maintenance of the road, the highway superintendent testified that he considered the entire 1.4 mile length to be a Town road, he provided maintenance when made aware of a problem, and work on the dirt portion of the road had included bringing in gravel to fill potholes and removing a nearby beaver dam that caused flooding. Contrary to plaintiff's argument, we conclude that this evidence was sufficient to demonstrate prima facie that the portion of the road at issue had become a highway by use. Inasmuch as our review of the record fails to reveal triable issues of fact, we agree with Supreme Court that summary judgment is warranted (*see Salvador v New York State Dept. of Transp., supra* at 742; *Stuart v Town of Wells*, 161 AD2d 1073, 1074-1075 [1990]; *see also Egan v Halverson, supra* at 845-846).

Finally, we are unpersuaded that Supreme Court abused its discretion in denying plaintiff's motion to find the Town in civil contempt (*see Matter of Council 82, AFSCME, AFL-CIO [Campbell]*, 268 AD2d 859, 861 [2000]; *see also Matter of Aumell v King*, 18 AD3d 905, 905-906 [2005]). Plaintiff's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.