■ TOWN OF SANTA CLARA, Appellant, v EDWARD YANCHITIS et al., Respondents. [934 NYS2d 598]—

Lahtinen, J.

Plaintiff commenced this action in 2005 contending, among other things, that a 100-foot strip of property known as Back Bay Road Spur on the southwest side of defendants' property in the Town of Santa Clara, Franklin County is a town highway pursuant to Highway Law § 189. In 2007, plaintiff moved for

---

partial summary judgment and Supreme Court denied the motion in a decision that thoroughly discussed the extensive evidence submitted by the parties. Plaintiff did not appeal. In 2010, plaintiff again moved for partial summary judgment, submitting the papers it had used in the prior motion as well as adding a report from a professor of geography who evaluated the cartographic evidence. Defendants' opposing papers included an affidavit from their expert, a professional land surveyor who had also submitted an affidavit in opposition to the original motion for summary judgment. Finding factual issues, Supreme Court again denied the motion and plaintiff now appeals.

We affirm. Initially, we note that "[m]ultiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause" (*Matter of Bronsky-Graff Orthodontics, P.C.*, 37 AD3d 946, 947 [2007] [internal quotation marks and citation omitted]). Although some further disclosure occurred after the first summary judgment motion, the only significant additional proof submitted by plaintiff in its second motion was its expert's report. There is no indication that the further disclosure resulted in proof relevant to the second motion nor is there any explanation as to why a report from an expert could not have been provided in the first motion. Such circumstances provide ample basis for denial of plaintiff's motion (*see Pavlovich v Zimmet*, 50 AD3d 1364, 1365 [2008]; *Matter of Bronsky-Graff Orthodontics, P.C.*, 37 AD3d at 947-948; *Flomenhaft v Fine Arts Museum of Long Is.*, 255 AD2d 290 [1998]).

Furthermore, viewing the proof in the record in the light most favorable to the nonmovant (*see Winne v Town of Duanesburg*, 86 AD3d 779, 780-781 [2011]) reveals factual issues precluding summary judgment. Establishing a highway by use requires proof that, for a period of 10 years or more, the road "was used by the public and the municipality exercised dominion and control over the road" (*Long Pond Assn., Inc. v Town of Carmel*, 87 AD3d 525, 525 [2011] [internal quotation marks and citation omitted]; *see Whitton v Thomas*, 25 AD3d 996, 997 [2006], *lv dismissed* 7 NY3d 783 [2006]; *Egan v Halverson*, 271 AD2d 844, 845 [2000]; Highway Law § 189). Here, in addition to conflicting expert opinions, there are also affidavits from individuals familiar with the road who do not agree on various important aspects regarding the scope of the use and maintenance of the road. Supreme Court correctly concluded that triable facts exist.

Mercure, A.P.J., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.