CAROLEE PETTI, as Executor of ALPHONSE DEPAOLO, Deceased, Appellant, v TOWN OF LEXINGTON et al., Respondents. (Action No. 1.) CAROLEE PETTI, as Executor of ALPHONSE DEPA-OLO, Deceased, Appellant, v TOWN OF LEXINGTON et al., Respondents. (Action No. 2.) [939 NYS2d 144]—

Spain, J.

The dispute at the heart of this appeal is whether the public has a right to access a quarter-mile section of a single-lane, gravel roadway shaped like a hairpin (hereinafter the hairpin) located on property held by plaintiff as the executor of the estate of her father, Alphonse DePaolo (hereinafter the DePaolo parcel). A portion of the hairpin is located in the Town of Lexington, Greene County, and a portion of it is located in the Town of Shandaken, Ulster County. The hairpin is part of, and near the center of, an approximately four-mile roadway beginning at its western most point at Route 28 in Delaware County, and ending at its eastern most point at Route 42 in Shandaken (hereinafter the Road).[1] At the request of a property owner of lands lying to the east of the DePaolo parcel, whose access to and from Route 42 was at times in winter months impeded by the steepness of portions of the eastern half of the Road, the hairpin was improved by defendant Town of Shandaken in 2000, resulting in an increased flow of traffic through the hairpin to access Route 28. Since that time, crews from both the Town of Shandaken and defendant Town of Lexington have regularly plowed and maintained the hairpin for use by school buses and the general public. In 2008, plaintiff commenced these actions seeking to quiet title of the hairpin pursuant to RPAPL article 15 (action No. 1) and seeking damages for continuing trespass (action No. 2).

By a series of motions and cross motions, all parties sought summary judgment and Peter Vinci, a neighboring landowner

---

1. All or parts of the Road have been known at different times as "Pine Hill Road," "Gooding Road," "Crump Hill Road," "Crump Road," "Krump Road" and "Upper Birch Hill Road."

in Shandaken, moved to intervene in the actions in support of defendants' motions. In a thorough written decision, Supreme Court granted Vinci's motion to intervene and, finding that the hairpin had become a public highway by use, granted defendants' motions for summary judgment dismissing the complaints, and denied plaintiff's motion for summary judgment to defendants. On plaintiff's appeal, we now reverse the grant of summary judgment to defendants. Although defendants established a prima facie case that the hairpin became a highway by use between 1998 and 2008, plaintiff successfully raised material questions of fact precluding summary judgment. Further, there are necessary parties that must be joined.

"All lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway" (Highway Law § 189). A "highway by use" is established by showing that, for at least the statutory period, two conditions have been met: "the road at issue was used by the public and the municipality exercised dominion and control over the road" (*Whitton v Thomas*, 25 AD3d 996, 997 [2006], *lv dismissed* 7 NY3d 783 [2006]; *see Egan v Halverson*, 271 AD2d 844, 845 [2000]; *Town of Dresden v Voutyras*, 244 AD2d 779, 780 [1997]). "Such a showing . . . requires more than intermittent use by the public and more than occasional road work by the municipality" (*State of New York v Town of Horicon*, 46 AD3d 1287, 1289 n 2 [2007] [citation omitted]).

In support of their motions for summary judgment, defendants submitted deposition testimony and documentary evidence to demonstrate that the Road, including the hairpin, has been used by the public and maintained by both Towns for at least the 10-year period prior to the commencement of these actions in 2008. As no actual dispute exists that since the improvements made in 2000, the hairpin has been used and maintained as a public highway, the issue devolves to whether the hairpin was used by and maintained for the public in 1998 and 1999. Walter Crump, who owned property lying to the east of the DePaolo property from 1964 through 2006, testified that although he only used the property for vacations, for decades his family accessed their property from Route 28 as often as they did from Route 42, thus when they were present on the property they traveled over the hairpin. Crump testified that the hairpin was passable by car, but when conditions were icy, chains or studded tires were necessary. It was Crump who asked the Towns to improve the hairpin to make it passable for year-round travel. Vinci, who also owns property to the east of the DePaolo parcel, submitted affidavits stating that since he

purchased his property in 1997, he has routinely utilized the hairpin to reach Route 28, and he has observed regular maintenance on the Road, carried out by both Towns. He also stated that his children and the children of Crump's caretaker were picked up by school buses, which traveled through the hairpin since 1999.

Through the testimony of defendant Larry Cross, who has been the Superintendent of Highways for the Town of Lexington since January 1998, defendants provided proof that, utilizing sand and salt from the Town of Shandaken, the Town of Lexington has been plowing and sanding the hairpin since the winter season of 1999-2000, and the Town of Shandaken has regraded the entirety of the Road each spring since at least 1998, pursuant to a verbal agreement with the Town of Lexington. Crump also testified that the entire road was plowed from Route 28 to Route 42 during the winters as far back as 1994.

This evidence of public use and maintenance, albeit not overwhelming, is not inconsistent with a public highway which transverses properties, like the DePaolo parcel and the lands owned by Crump, that have historically been used only as vacation properties. Evidence that the road was not always traversable in winter months does not necessarily defeat its use as a public highway (*see e.g. Matter of Smigel v Town of Rensselaerville*, 283 AD2d 863, 865 [2001]; *Egan v Halverson*, 271 AD2d at 845-846). Defendants also rely on the fact that the Road, including the hairpin, is shown as existing in its current location on a survey dated 1931. By documentary and deposition testimony, defendants established that the hairpin has been listed on the New York State Department of Transportation Local Road Listing inventories for the Town of Lexington since at least 1985 and is reflected on its tax maps since at least 1984. Further, the Town of Shandaken demonstrated dominion of the hairpin in 1994 by changing the name of that portion of the Road and again in 2000 by making extensive improvements. Under these circumstances, we hold that defendants met their initial burden of proof of establishing a public highway by use (*see Whitton v Thomas*, 25 AD3d at 997; *Egan v Halverson*, 271 AD2d at 845-846; *Town of Dresden v Voutyras*, 244 AD2d at 780-781; *LaSalle Co. v Town of Hillsdale*, 199 AD2d 685, 686 [1993]; *Matter of Danial v Town of Delhi*, 185 AD2d 500, 502 [1992], *lv denied* 81 NY2d 706 [1993]; *see also Salvador v New York State Dept. of Transp.*, 234 AD2d 741, 742 [1996]; *compare State v Town of Horicon*, 46 AD3d at 1289 n 2; *Nogard v Strand*, 38 AD2d 871 [1972]).

The burden having then shifted to plaintiff to establish a triable issue of fact, we conclude that plaintiff met her burden by providing evidence contradicting defendants' claim that the hairpin was used and maintained by the public on any regular basis prior to 2000. In that regard, Lance Lucarelli, plaintiff's nephew, testified that the DePaolo parcel is not a full-time residence for any members of his family, but that he regularly visits the property throughout the year and that he never witnessed the public using the hairpin or any plowing or other public maintenance of the hairpin prior to the improvements made in 2000. Lucarelli stated that, before that time, the hairpin was a dirt trail only accessible by an all-terrain vehicle or a log skidder and not passable by car. According to the affidavits of several other neighboring property owners, the hairpin was not open or passable to traffic even in the summer months and neither school buses nor snowplows traversed it prior to 2000. Viewing this evidence, as we must, in the light most favorable to plaintiff, we deem it sufficient to create a triable issue of fact regarding whether the hairpin was utilized by the public and maintained by the Towns for the full statutory period (*see Town of Santa Clara v Yanchitis*, 90 AD3d 1297, 1298 [2011]; *compare Matter of Hillelson v Grover*, 105 AD2d 484, 485 [1984]).

We reject defendants' alternative argument that the actions should be dismissed for failure to timely file and serve the Town defendants with a notice of claim (*see* General Municipal Law § 50-e; *Hewitt v County of Rensselaer*, 6 AD3d 842, 843 [2004]). With regard to action No. 1, because the primary relief sought—to quiet title—is equitable, filing of a notice of claim is not required (*see Stefanis v Town of Middletown*, 56 AD3d 980, 981 [2008]; *Greaney v Springer*, 266 AD2d 707, 708-709 [1999]). Nor was a notice of claim required for action No. 2, filed several months later, seeking monetary damages for the continuing trespass on plaintiff's property by the Town of Shandaken and the Town of Lexington, because the demand for damages was clearly "incidental and subordinate to the requested injunctive relief" (*see Dutcher v Town of Shandaken*, 97 AD2d 922, 923 [1983]). Given that "claims for continuing trespass and nuisance generally give rise to successive causes of action that accrue each time a wrong is committed" (*Smith v Town of Long Lake*, 40 AD3d 1381, 1383 [2007]), plaintiff's claims for damages associated with the maintenance of the road during the three-year period prior to the commencement of the action are not barred

by the statute of limitations (*see Alamio v Town of Rockland*, 302 AD2d 842, 844 [2003]).[2]

Next, we agree with Vinci that because of the possibility that the public has obtained a right to use the hairpin, the other neighboring landowners who live along the Road and would need to traverse the hairpin to reach either Route 28 or Route 42 are persons "who might be inequitably affected by a judgment in [action No. 1 and, thus,] shall be made plaintiffs or defendants" (CPLR 1001 [a]; *see Sorbello v Birchez Assoc., LLC*, 61 AD3d 1225, 1226 [2009]; *compare Colpitts v Cascade Val. Land Corp.*, 145 AD2d 750, 752 [1988]). We do not find, however, that dismissal is necessary under these circumstances but do find that those property owners who access their property by the Road between Route 42 and Route 28 should be joined as parties to action No. 1 (*see* RPAPL 1511 [2]; *Matter of Gleason v Town of Clifton Park Planning Bd.*, 90 AD3d 1205, 1206 [2011]; *Sorbello v Birchez Assoc., LLC*, 61 AD3d at 1226). Here, as plaintiff has been in possession of the hairpin, the limitations period applicable to actions to quiet title has not run; hence, no bar exists to joining the neighboring landowners as parties (*compare Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 727 [2008]).

Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motions for summary judgment; motions denied and plaintiff is directed to amend the complaint in action No. 1 to add as defendants all property owners who access their property from the roadway, described in this decision, that connects Route 28 in Delaware County and Route 42 in Ulster County, with all further proceedings stayed until such joinder has been accomplished; and, as so modified, affirmed.

---

2. Notably, plaintiff does not appear to seek damages related to the improvements done in 2000. As any such injuries would have been apparent at that time (*see Mandel v Estate of Frank L. Tiffany*, 263 AD2d 827, 829 [1999]), such a claim would be time-barred (*see* CPLR 214 [4]).