GILBERT C. SNOW et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 54008.)

ROBERT A. BETZLER et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 53942.)

Fourth Department, July 10, 1975

*Louis J. Lefkowitz, Attorney-General (J. Lawson Brown* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

*Bonney & Nicit (John J. Nicit* of counsel), for respondents-appellants.

*Per Curiam.* The State appeals from two judgments of the Court of Claims awarding claimants Snow and Betzler $19,500 plus interest and $13,500 plus interest respectively, for damages resulting from the complete and total taking of their real property. Claimants cross-appeal from the judgments entered in their respective actions.

The State raises the identical legal question with respect to the contiguous parcels in both cases concerning the extent and location of the State's right of way as it existed on February 28, 1934 when the State accepted responsibility for control of Route 89 as it passes in front of the subject premises.

In 1932 the State began improvement of what is presently Route 89. Allegedly the 1932 highway ran through the property on which the Snow and Betzler dwellings were later situated. The improvements were completed in 1934 and the improved road did not touch the front line of what claimants now claim was the property described in their deeds. The most recent improvement made in 1971 involved moving the highway farther away from the dwellings. Claimants' deeds each described their property as lying between the highway as improved in 1934 and Cayuga Lake. The Betzler deed additionally certifies that no part of the house encroaches on the highway. The appropriation maps show that each house has been constructed on the 1932 highway right of way.

The trial court erroneously assumed that the claimants had the burden of proving that their residences did not encroach on the highway right of way. Claimants' deeds indicated that their residences did not encroach on the highway right of way and each had owned the property for several years. Therefore the burden of proving that the highway right of way ran through the claimants' buildings was on the State.

"Under these circumstances the burden was placed upon the State to establish the existence of the extent of its right of way in derogation of the title and long-continued use of the property by the owners abutting on the State highway." (*Wemett Corp. v State of New York,* 36 Misc 2d 14, 17, affd 20 AD2d 626.)

The State called Charles L. Bailey, a licensed land surveyor for the Department of Transportation, to prove from various sketches and surveys received in evidence that claimants' residences were located on the highway right of way as it existed in 1932. However, these exhibits were not sufficient to prove that the highway right of way ran through claimants' residences. On cross-examination Mr. Bailey revealed that his plotting of the east line of the right of way varied from four to six feet from that plotted by the designer of the 1971 reconstruction. He stated also that he was unable to explain the differences in plotting and admitted that if someone else plotted the right of way there might be a similar discrepancy. More importantly, the witness admitted that in plotting the highway right of way he assumed it was three rods wide. The width of the highway is crucial to determination of the issues relating to whether or not the claimants' property is located thereon. The test for determining the width of a road has been

stated in *Schillawski v State of New York* (9 NY2d 235, 238) as follows:

"Where a road has obtained its character as a public highway by user, its width is determined by the width of the improvement * * *. But where the road has been laid out under a statute, it is the statute and not the user that determines its width."

The only statute introduced by the State to prove that the road in question was a State road was subdivision 47 of section 341 of the Highway Law which refers to a highway extending from "East Varick to the bridge at the lower end of Taughannock ravine, part one" which the witness testified referred to the highway in question. However, the statute does not "lay out" the highway but instead denominates the existing road as a State highway. Therefore the width of the road must be determined by the user which has since been relocated by the 1934 and 1971 improvements as the present Route 89. Since that road presently borders on claimants' property line, the State failed to sustain its burden of proving that claimants' residences were located on State property.

The Court of Appeals has held that title to property on the Finger Lakes extends to the low water mark *(Stewart v Turney,* 237 NY 117). Additionally, paragraph d of subdivision 4 of section 15-0503 of the Environmental Conservation Law does not, as the State argued during trial, require an owner of lakeshore property to obtain a permit to build a structure beyond the shoreline if that structure is less than 40 feet away from the shoreline. Therefore, the court erred in failing to award claimant the value of the boathouse.

Claimants argue that the court erred in accepting the State's appraiser's valuation of the respective lands because he failed to allow for any appreciation in land value of lake front property, even though that appraiser admitted that he could not agree or disagree with claimants' appraiser's finding that land values had generally increased in the Finger Lakes area. The State's appraiser concluded that the land value for claimants' property had not appreciated, and his appraisal reflected no enhancement in value of the subject properties by reason of time. His position was never rebutted by claimants and is substantiated by the lack of recent sales in the area of the subject property.

Because the State's comparable sales were more similar to the subject property the court was correct in accepting his

report as more indicative of the true land value of the subject property. However, since the State failed to prove its ownership of that portion of the land on which claimants' residences were situated, the court should have adopted the State's alternative appraisals in each case, giving no effect to any encroachment on the highway right of way in determining the value of the land.

The award in the Snow case should also reflect the value of the boathouse. Therefore the total award in each case should be modified as follows: Snow award: Land, $7,500; improvements, $14,500, total award, $22,000. Betzler award: Land, $3,500; improvements, $10,500, total award, $14,000.

As modified the judgments should be affirmed.

MARSH, P. J., MOULE, MAHONEY, GOLDMAN and WITMER, JJ., concur.

Judgments unanimously modified on the law and facts in accordance with opinion and as modified affirmed, with costs to claimants.