■ RICHARD FLETCHER, Respondent, v TOWN OF INDIAN LAKE, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 16, 1978 in Hamilton County, which denied defendant's motion to dismiss the complaint and granted plaintiff's cross motion for leave to serve a late notice of claim *nunc pro tunc* and an amended complaint. Plaintiff seeks in this action to recover damages caused by defendant's construction of a snowmobile trail on his property in Hamilton County. He claims that he was in Florida from November of 1974 until the latter part of April of 1975, and that sometime during the spring of 1975 persons acting under the supervision and direction of defendant constructed on his property a snowmobile trail which he did not discover until October 4, 1975. A notice of claim was served upon defendant on or about November 7, 1975, and on January 16, 1976, defendant examined plaintiff pursuant to section 50-h of the General Municipal Law. Plaintiff alleges that the snowmobile trail passes along the property line between his property and defendant's for 1,154 feet, passes completely through his property for 641 feet, and is from 8 to 18 feet in width. In his complaint, verified May 2, 1978, plaintiff claims that 409 trees were cut and removed from the property, resulting in damages of $3,500; that 59 other trees were injured, resulting in damages of $1,500; and that pursuant to section 861 of the Real Property Actions and Proceedings Law, he is entitled to treble damages of $15,000. He also seeks $9,000 in damages for the depreciation of the property caused by the construction of the trail and use of snowmobiles thereon. By notice of motion dated May 15, 1978, defendant moved to dismiss the complaint upon the ground that the action was barred by reason of plaintiff's failure to timely serve a notice of claim. Defendant took the position that the claim accrued on or before April of 1975 and that, therefore, the notice of claim was untimely. Plaintiff cross-moved for leave to serve a late notice of claim *nunc pro tunc* and for permission to serve an amended complaint. Special Term, in denying defendant's motion, concluded that the notice of claim was "timely" based upon its reasoning that the removal of the trees and construction of the trail involved continuing damage to plaintiff's property for which a claim continued to accrue at the time plaintiff had served his notice of claim. There should be an affirmance. We agree with Special Term that the construction of and continued use of the snowmobile trail across plaintiff's land were in the nature of a continuing trespass for which a cause of action was accruing at the time plaintiff served his notice of claim. In the notice of claim, plaintiff alleged that erected upon the property were signs directing snowmobilers and other users of the trail, and at the examination held on January 16, 1976, he testified that the trail was then being used, although defendant was told to remove its signs and stop using the trail and post the land. Causes of action continue to accrue where, as here, a continuous trespass exists (see *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48, 52) and such a claim may be asserted against a municipality (see *Matter of Wehlau v Town of Cortlandt,* 48 AD2d 901). Accordingly, since the claim is based upon acts constituting a continuing trespass in existence at the time plaintiff served the notice of claim, Special

Term properly denied defendant's motion to dismiss the complaint. Order affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.