■ In the Matter of GERALD HILL, Appellant, v TOWN OF HORICON et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Dier, J.), entered March 18, 1991 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to maintain and upgrade a certain road.

Petitioner purchased a parcel of real property in 1987 in the Town of Horicon, Warren County. Access to petitioner's property from the south is via Grasshopper Hill Road, which traverses the property of petitioner's southerly neighbor, Howard Meade. Despite petitioner's contention that respondent Town of Horicon has continuously maintained the road for 30 years and, therefore, has an obligation pursuant to Highway Law § 189 to not only continue maintenance of the road but also to widen it to three rods to accommodate modern vehicles, the Town failed to act. Petitioner commenced this CPLR

article 78 proceeding to compel the Town to comply with the mandate of the Highway Law. Supreme Court dismissed the petition and petitioner appeals.

We affirm. Case law has interpreted Highway Law § 189 as meaning that the width of a public highway by use, as opposed to one created by statute, is determined by the extent of the use (see, Schillawski v State of New York, 9 NY2d 235; May Pontiac Buick v Gleason, 112 AD2d 618, 620). Here, petitioner does not dispute that the road, to the extent that it has been used at all, has only been used at its present width, which is less than three rods. As Supreme Court correctly stated, petitioner is seeking to compel the Town to condemn Meade's property along Grasshopper Hill Road "not for a public purpose but, rather for the financial gain of the petitioner". Thus, these facts, together with a fair reading of the Highway Law and the justifiable objection of petitioner's neighbor, on whose land the requested highway improvements would be made, do not warrant requiring the Town to widen the road for petitioner's benefit. We summarily reject petitioner's remaining arguments.

Casey, Weiss and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.