Mary Lou P. Christiana, Esq. Informal Opinion No. 99-19 Berger, Friedman Christiana Town Attorneys Town of Rochester 129 South Main Street P.O. Box 391 Ellenville, New York 12428
Dear Ms. Christiana:
You have requested an opinion regarding the application of Highway Law § 189, which governs highways established by use. Specifically, you have asked whether the phrase "use by the public" refers to use by the general public or merely use by the residents bordering the road, whether the road has to have been maintained by the town in order to be declared a highway by use and whether a highway by use must be opened to a width of three rods or may be limited to the actual traveled way.
Highway Law § 189 provides that "[a]ll lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods."
The public use requirement of Highway Law § 189 has been construed to necessitate a showing that a road was both open to use by the public and continuously maintained by public authorities for the statutory period. Op Atty Gen (Inf) No. 95-31; Diamond InternationalCorp. v. Little Kildare, Inc., 22 N.Y.2d 819 (1968); People v.Sutherland, 252 N.Y. 86 (1929); Speir v. Town of New Utrecht, 121 N.Y. 420
(1890); Matter of Danial v. Town of Delhi, 185 A.D.2d 500 (3d Dept 1992), lv denied, 81 N.Y.2d 706 (1993).
In Speir v. Town of New Utrecht, supra, the Court of Appeals noted that the meaning of the phrase "used by the public" is unclear.[1]
In interpreting this phrase, the Court stated:
 the mere fact that a portion of the public travel over a road for twenty years [now ten years] cannot make it a highway; and the burden of making highways and sustaining bridges cannot be imposed upon the public in that way. There must be more. The user must be like that of highways generally. . . . A private way opened by the owners of the land through which it passes for their own uses does not become a public highway merely because the public are also permitted for many years to travel over it. Speir v. Town of Utrecht, supra, at 429-430.
Therefore, "use by the public" requires a showing that a highway has been open to the general public, like any other highway, for ten years. Use by residents and their guests is not sufficient because such use is not opening a road to the general public like any other highway.
Additionally, to be a highway by use, a road must be continuously maintained by public authorities for the statutory period. Speir v. Townof New Utrecht, supra, at 429-430. A road is "continuously maintained" if it has been "kept in repair or taken in charge and adopted by the public authorities." Id. It has been held that isolated acts of maintenance, irregular snowplowing, policing of the area and acts done merely for the accommodation of a portion of the public do not constitute the continuous maintenance required to make a road a public highway. See, Goldrich v.Franklin Gardens Corp., 282 AD 698 (2d Dept 1953) and 1957 Op Atty Gen 146 and cases cited therein. Continuous maintenance requires a level of maintenance equivalent to that performed on other town roads. LaSalleCo. v. Town of Hillsdale, 199 A.D.2d 685 (3d Dept 1993).
Accordingly, a road must be both open to the public and continuously maintained by public authorities for the statutory period in order to become a highway by use. Use by residents and their guests is not sufficient. Whether a roadway has become a highway by use is a factual question (Op Atty Gen [Inf] No. 82-59) which must be determined locally.
You also inquire whether a town must open a highway by use, established in accordance with Highway Law § 189, to the width of three rods or may limit the width to the actual traveled way. This issue was discussed in detail in Op Atty Gen (Inf) No. 95-31, a copy of which is enclosed herewith. In that opinion, we concluded that the width of a highway by use is determined by the extent of actual use and, therefore, may be less than three rods.[2] The extent of actual use may include, in addition to the traveled portion, the shoulders and whatever land is necessary for the safety of the public and for ordinary repairs and improvements. See, Op Atty Gen (Inf) No. 95-31 and cases cited therein.
We conclude that the public use requirement of Highway Law § 189
has been construed to necessitate a showing that a road was both open to use by the general public like any other highway and continuously maintained by public authorities. The width of a highway by use is determined by the extent of actual use and, therefore, may be less than three rods.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE, Assistant Attorney General
[1] Highway Law § 189 derived from the Revised Statutes. In 1890, the Revised Statutes provided that "all roads not recorded which have been or shall have been used as public highways for twenty years or more, shall be deemed public highways." 1 RS 521, § 100 (emphasis added).
[2] While the language of the statute appears to require a width of at least three rods, we note that the Court of Appeals held that the extent of actual use defines the width of a highway established by use.