■ JOHN D. JUNG et al., Appellants, v TOWN OF FRANKLIN-VILLE, Respondent. [750 NYS2d 723] —Appeal from an order and judgment (one document) of Supreme Court, Cattaraugus County (NeMoyer, J.), entered September 18, 2001, which granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action alleging that defendant trespassed on their property by performing excavation work and removing topsoil, and that defendant thereby damaged their property. In their complaint, plaintiffs assert causes of action, inter alia, for trespass, nuisance and negligence. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiffs raised triable issues of fact. In opposition to the motion, plaintiffs submitted the deposition testimony of plaintiff John D. Jung wherein he testified that the ditches and culverts at issue were not on plaintiffs' property prior to May 1997. That testimony raises an issue of fact whether the dirt and brush removed by defendant were from existing drainage ditches and culverts, as alleged by defen-

dant, or whether entirely new ditches and culverts were excavated by defendant from Morgan Hollow Road onto plaintiffs' property, as alleged by plaintiffs (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562).

In addition, there are further issues of fact whether defendant's superintendent of highways was authorized to direct the performance of the excavation work and, even if he was so authorized, whether defendant is liable to plaintiffs for damages based on the performance of the work. Pursuant to Highway Law § 140 (5), a town superintendent shall "[c]onstruct and keep in repair sluices and culverts and cause the waterways, bridges and culverts to be kept open." In addition, the town superintendent of highways "also has the power to enter upon other lands for the purpose of doing drainage work, as provided in sections 147 and 148 of the Highway Law" (2 Ops St Comp No. 1287, at 222 [1946]). However, the town superintendent must be "directed by the county superintendent, and * * * authorized by the town board," to enter "[u]pon any lands adjacent to any of the highways in the town, for the purpose of opening an existing ditch or drain" (§ 147 [1]) and must pay for damages sustained by the "owner [of such lands] in consequence of such entry in performance of the work" (§ 148). We therefore reverse the order and judgment, deny defendant's motion and reinstate the complaint. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.