▮ ANTHONY P. KEMPA, Respondent, v TOWN OF BOSTON, Appellant. [913 NYS2d 857]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered September 10, 2009. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff owns land adjacent to a town highway known as Eddy Road in defendant, Town of Boston (hereafter, Town). In 2007, plaintiff commenced this action asserting claims for trespass, negligence, and the violation of RPAPL 861, alleging that the Town entered his land without permission and damaged his property by, inter alia, cutting down trees and removing soil both inside and outside the Town's right-of-way on Eddy Road. Supreme Court initially granted the Town's motion for summary judgment dismissing the complaint without prejudice, allowing plaintiff to submit an updated survey regarding the width of Eddy Road. Plaintiff did so, and the court then denied the Town's motion. We affirm.

As the Court of Appeals wrote in *Schillawski v State of New York* (9 NY2d 235 [1961]) with respect to determining the width of a highway, "[w]here a road has obtained its character as a public highway by user, its width is determined by the width of the improvement . . . But where the road has been laid out under a statute, it is the statute and not the user that determines the width" (*id.* at 238; *see Matter of Hill v Town of Horicon*, 176 AD2d 1169, 1170 [1991], *lv denied* 80 NY2d 752 [1992]; *Snow v State of New York*, 48 AD2d 582, 584-585 [1975]). The Town failed to identify a statute "laying out" Eddy Road (*see Snow*, 48 AD2d at 585; *Kenyon v State of New York*, 28 AD2d 1182, 1182-1183 [1967]), and thus was required in support of its motion for summary judgment to establish the width of the highway by use (*see Schillawski*, 9 NY2d at 238; *Snow*, 48 AD2d at 585). The Town submitted evidence establishing that Eddy Road is 66 feet in width by use adjacent to plaintiff's property and that the work performed by the Town was

completed within a 66-foot-wide right-of-way. The Town therefore met its initial burden on the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition to the motion for summary judgment, however, upon receiving the court's permission to submit an updated survey, plaintiff submitted an affidavit and survey of a professional land surveyor who concluded that Eddy Road is 49.5 feet in width adjacent to plaintiff's property. The Town's contention that the court erred in allowing plaintiff to submit the surveyor's affidavit and survey after granting the Town's motion for summary judgment without prejudice is advanced for the first time on appeal and therefore is not properly before this Court (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Contrary to the Town's further contention, the subject survey is admissible (*see generally Raab v Lefkowitz*, 76 AD3d 619 [2010]; *Sloninski v Weston*, 232 AD2d 913, 914 [1996], *lv denied* 89 NY2d 809 [1997], *rearg denied* 89 NY2d 1086 [1997]; *Town of Ulster v Massa*, 144 AD2d 726, 728 [1988], *lv denied* 75 NY2d 707 [1990]).

Even assuming, arguendo, that the court erred in considering the additional evidence submitted by plaintiff, we note that in his initial opposition to the motion plaintiff submitted his deed, which indicates that Eddy Road is 49.5 feet in width and does not provide for easement rights beyond that width. Plaintiff also initially submitted evidence showing tree and soil removal by the Town that extended beyond a width of 49.5 feet. Plaintiff therefore established the existence of triable issues of fact regarding his trespass, negligence, and RPAPL 861 claims against the Town (*see Ketchuck v Town of Owego*, 72 AD3d 1173 [2010]; *Curtis v Town of Galway*, 24 Misc 3d 1240[A], 2007 NY Slip Op 52624[U], *4, *affd* 50 AD3d 1370 [2008]; *Jung v Town of Franklinville*, 299 AD2d 904, 905 [2002]; *Fletcher v Town of Indian Lake*, 73 AD2d 783 [1979]). Consequently, the court did not err in denying the Town's motion for summary judgment dismissing the complaint.

We have considered the Town's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.