■ Michael Brooks, Respondent, v George P. Hardin, Defendant, and Michael Comstock et al., Appellants. [970 NYS2d 142]—

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered May 17, 2012. The order denied the motion of defendants Michael Comstock and FT Well Support, LLC, for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion of defendants Michael Comstock and FT Well Support, LLC is granted and the amended complaint is dismissed against them.

Memorandum: Plaintiff and defendant George P. Hardin own adjacent properties, and the border between the properties is a natural stream. In 2005, Hardin hired Michael Comstock and FT Well Support, LLC (defendants) to perform work on his property, including removing debris from the stream to prevent it from flooding onto his property. In the amended complaint, plaintiff alleged that, in the process of completing that work, defendants trespassed upon his property; constructed a leach field on Hardin's property, which resulted in a continuing trespass of effluent into the streambed on plaintiff's property; and either negligently or intentionally removed a number of trees. Plaintiff also asserted a cause of action against defendants under RPAPL 861.

We conclude that Supreme Court erred in denying defend-

ants' motion for summary judgment seeking to dismiss the amended complaint against them. With respect to the claims in the first and second causes of action for negligence or trespass relating to the removal of trees, we conclude that defendants met their initial burden of establishing as a matter of law that they did not remove any trees on plaintiff's property and thus could not be liable for those claims, nor could they be liable for tree removal pursuant to RPAPL 861 (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, plaintiff failed to raise a triable issue of fact whether defendants were the parties responsible for the trees that were removed (*cf. Kempa v Town of Boston*, 79 AD3d 1747, 1749 [2010]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

With respect to plaintiff's claim of trespass based on the entry by defendants onto his property to perform work, we conclude that defendants established they did not work on plaintiff's property, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). Defendants likewise met their initial burden of establishing as a matter of law that their work on Hardin's leach field did not affect the stream, and plaintiff failed to raise a triable issue of fact (*see generally id.*).

Finally, we reject plaintiff's contention that defendants may be held vicariously liable for the wrongful actions of Hardin, who was also an employee of defendants at the relevant times herein. Defendants established as a matter of law that Hardin was not acting in the capacity of an employee for purposes of the work done at his home (*see generally Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). We therefore reverse the order and grant defendants' motion for summary judgment dismissing the amended complaint against them. Present—Centra, J.P., Peradotto, Sconiers, Valentino and Whalen, JJ.