# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

777

CA 12-01838

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

MICHAEL BROOKS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GEORGE P. HARDIN, DEFENDANT,
MICHAEL COMSTOCK AND F T WELL SUPPORT, LLC,
DEFENDANTS-APPELLANTS.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (LAURIE A. GIORDANO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

LAW OFFICE OF JACOB P. WELCH, CORNING (ANNA CZARPLES OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Steuben County (Joseph
W. Latham, A.J.), entered May 17, 2012.  The order denied the motion
of defendants Michael Comstock and F T Well Support, LLC, for summary
judgment dismissing the amended complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion of
defendants Michael Comstock and F T Well Support, LLC is granted and
the amended complaint is dismissed against them.

Memorandum:  Plaintiff and defendant George P. Hardin own
adjacent properties, and the border between the properties is a
natural stream.  In 2005, Hardin hired Michael Comstock and F T Well
Support, LLC (defendants) to perform work on his property, including
removing debris from the stream to prevent it from flooding onto his
property.  In the amended complaint, plaintiff alleged that, in the
process of completing that work, defendants trespassed upon his
property; constructed a leach field on Hardin's property, which
resulted in a continuing trespass of effluent into the streambed on
plaintiff's property; and either negligently or intentionally removed
a number of trees.  Plaintiff also asserted a cause of action against
defendants under RPAPL 861.

We conclude that Supreme Court erred in denying defendants'
motion for summary judgment seeking to dismiss the amended complaint
against them.  With respect to the claims in the first and second
causes of action for negligence or trespass relating to the removal of
trees, we conclude that defendants met their initial burden of
establishing as a matter of law that they did not remove any trees on
plaintiff's property and thus could not be liable for those claims,

nor could they be liable for tree removal pursuant to RPAPL 861 (*see
generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  In opposition,
plaintiff failed to raise a triable issue of fact whether defendants
were the parties responsible for the trees that were removed (*cf.
Kempa v Town of Boston*, 79 AD3d 1747, 1749; *see generally Zuckerman v
City of New York*, 49 NY2d 557, 562).

     With respect to plaintiff's claim of trespass based on the entry
by defendants onto his property to perform work, we conclude that
defendants established they did not work on plaintiff's property, and
plaintiff failed to raise a triable issue of fact (*see generally
Zuckerman*, 49 NY2d at 562).  Defendants likewise met their initial
burden of establishing as a matter of law that their work on Hardin's
leach field did not affect the stream, and plaintiff failed to raise a
triable issue of fact (*see generally id.*).

     Finally, we reject plaintiff's contention that defendants may be
held vicariously liable for the wrongful actions of Hardin, who was
also an employee of defendants at the relevant times herein.
Defendants established as a matter of law that Hardin was not acting
in the capacity of an employee for purposes of the work done at his
home (*see generally Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932,
933), and plaintiff failed to raise a triable issue of fact (*see
generally Zuckerman*, 49 NY2d at 562).  We therefore reverse the order
and grant defendants' motion for summary judgment dismissing the
amended complaint against them.

Entered:  July 5, 2013                    Frances E. Cafarell
                                          Clerk of the Court