■ MARY RUPPERT, Appellant, v PATRICK F. RUPPERT, Respondent. [597 NYS2d 196] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered November 18, 1991 in Putnam County, which, *inter alia,* denied plaintiff's cross motion to discontinue the action.

Plaintiff commenced this matrimonial action in July 1984 by service of a summons and verified complaint. Apparently by way of an oral stipulation, defendant's time for serving an answer was extended indefinitely while the attorneys for the respective parties attempted to negotiate a settlement. The attorneys continued negotiations until sometime in December 1985 when the parties began negotiating directly. During those negotiations, the parties agreed that plaintiff would have sole occupancy of the marital residence and defendant would pay plaintiff $1,000 per month as temporary maintenance and child support. Defendant continued to pay that amount plus additional amounts for the educational expenses of his children, but the parties were never able to agree on a final separation agreement. Finally, on July 3, 1991, defendant's attorney served an answer to plaintiff's complaint, which contained a counterclaim for divorce. On July 16, 1991, defendant's attorney received a telephone call from Roger Whyman wherein he was advised that Whyman had been

contacted about taking over the litigation from plaintiff's then attorney. On July 18, 1991, Whyman telephoned defendant's attorney and they discussed a settlement of the litigation. On July 22, 1991, another telephone conversation ensued wherein negotiations continued without fruition. Thereafter, by letter dated July 24, 1991, plaintiff's attorney rejected defendant's answer as untimely. Defendant then moved for judgment of divorce by default and plaintiff cross-moved for an order discontinuing her action. Supreme Court denied the motion and cross motion, directed that defendant serve his answer and counterclaim and further directed that plaintiff file a reply within 20 days of such "re-service". This appeal by plaintiff ensued.

Under the rather peculiar facts of this case, we are constrained to affirm. Retention of the answer and counterclaim for some three weeks while attorneys attempted to negotiate a settlement constituted a waiver of any objection to the late service of the answer (see, Minogue v Monette, 138 AD2d 851). Moreover, Supreme Court was vested with the authority to permit late service of the answer upon a showing of reasonable excuse for the default (see, CPLR 3012 [d]), which Supreme Court implicitly did here when it denied both the motion and cross motion and directed defendant to re-serve his answer.

Having determined that defendant demonstrated a reasonable excuse for his default and that he should be permitted to re-serve his answer, Supreme Court was then governed by the rather well-defined premise that once an answer has been served, discontinuance is a matter of discretion (see, Winans v Winans, 124 NY 140). Two factors exist here that persuade us that Supreme Court did not abuse its discretion. First, the interposition of a counterclaim by defendant militates against discontinuance (see, e.g., Matter of Lasak, 131 NY 624). Second, discontinuance would work particular prejudice against defendant in that it would result in converting what has otherwise been separate property into marital property upon the commencement of any new proceeding (see, Majauskas v Majauskas, 61 NY2d 481; Tucker v Tucker, 55 NY2d 378). It is apparent from a review of the record here that the parties have no intention of effecting a reconciliation, nor was that the reason for plaintiff's failure to diligently pursue prosecution of this action. Plaintiff's sole contention for discontinuance is that she will otherwise be disadvantaged in her rights to equitable distribution.

Weiss, P. J., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is affirmed, without costs.