(October 17, 1994)

■ JOHN R. ACKERMANN, Appellant, v WILLIAM C. HAUGAARD, Respondent. [617 NYS2d 525] —In an action, *inter alia,* to recover damages for negligent misrepresentation, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated November 4, 1992, which granted the defendant's motion to dismiss the complaint, and (2) as limited by his brief, from so much of an order of the same court, dated February 11, 1993, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated November 4, 1992, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 11, 1993, made upon reargument; and it is further,

Ordered that the order dated February 11, 1993, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed his complaint. The gravamen of the instant action is that the defendant, an attorney, negligently and falsely misrepresented to the court in a prior action against the plaintiff to recover damages for civil assault that the defendant and the plaintiff's former counsel had agreed to extend the time for service of the complaint in that action. However, the plaintiff previously disputed the existence of such an agreement in his motion to dismiss the complaint in the assault action, and the Supreme Court denied his motion to dismiss and permitted the late service of the complaint. The plaintiff did not appeal from that prior order. Inasmuch as the plaintiff previously litigated the issue regarding the existence of the agreement and the court necessarily determined that issue adversely to him in denying his motion to dismiss *(see*

*generally, Ruppert v Ruppert,* 192 AD2d 925), the plaintiff is barred by the doctrine of collateral estoppel from maintaining the present action, which is premised on the same theory which the court necessarily rejected in the prior assault action *(see generally, Ryan v New York Tel. Co.,* 62 NY2d 494; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65).

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.