■ MIROSLAW KARCZEWICZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [664 NYS2d 300] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about August 22, 1996, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly granted, but not for the reason stated by the motion court. The court's grant of summary judgment, on the ground that defendant was not responsible for the criminal acts of a third person, was erroneous since, at a minimum, an issue of fact exists as to whether the object that struck and injured plaintiff was propelled from the subway tracks as a train passed by, rather than being thrown by a person (*see, Zuckerman v City of New York*, 49 NY2d 557).

However, this action is time-barred (Public Authorities Law § 1212 [2]). Plaintiff's purported post-traumatic stress disorder does not constitute "insanity" for purposes of the tolling provision of CPLR 208, especially since plaintiff testified coherently and effectively at a claims examination during the period he was supposedly incapacitated, and counsel, who was present, did not even mention the insanity issue at that time (*see, McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548; *Hoffman v Hoffman*, 162 AD2d 249, 250).

By accepting defendant's answer and failing to move to strike

the Statute of Limitations defense until almost two years later and only after defendant moved to dismiss the complaint, plaintiff waived any objection to late service of the answer (*see, Gonzalez v Gonzalez*, 240 AD2d 630; *Ruppert v Ruppert*, 192 AD2d 925, 926). Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Tom, JJ.