■ In the Matter of the Dissolution of BRONSKY-GRAFF ORTHODONTICS, P. C., et al. DONALD A. BRONSKY, Appellant; PETER T. BRONSKY, Respondent; THEODORE W. GRAFF, Respondent. [705 NYS2d 711] —Crew III, J. Appeal from an order and a corrected order of the Supreme Court (Rose, J.), entered March 12, 1999 and March 19, 1999 in Broome County, which, *inter alia*, in a proceeding pursuant to Business Corporation Law article 11, denied a motion by petitioner Donald A. Bronsky for permission to discontinue the proceeding to the extent that it seeks relief on his behalf.

In 1984, petitioner Donald A. Bronsky (hereinafter petitioner), petitioner Peter T. Bronsky and respondent formed Bronsky-Graff Orthodontics, P. C. (hereinafter the professional corporation), with each receiving one third of the shares of the corporation. Shortly thereafter, the parties formed B & G Realty, L. L. C. (hereinafter the realty corporation) for the purpose of owning and managing the offices in which the

professional corporation offered its services. In December 1993, in contemplation of petitioner's retirement, petitioner entered into an agreement with the professional corporation, the realty corporation, Bronsky and respondent for the purchase of petitioner's interests in both corporations. Apparently, differences thereafter developed between petitioner, Bronsky and respondent, as the result of which petitioner and Bronsky formed a new orthodontic group in February 1997 in competition with the professional corporation. Respondent, in turn, opened his own orthodontic practice.

In December 1997, petitioner and Bronsky commenced this proceeding seeking dissolution of the professional corporation and the realty corporation pursuant to Business Corporation Law § 1104. Respondent answered and asserted counterclaims on behalf of the professional corporation and the realty corporation seeking damages from petitioner and Bronsky for usurping corporate opportunities, diverting funds, breach of fiduciary duty and interference with contractual relations, as well as a counterclaim seeking recission of the buy-out agreement.

In January 1999, petitioner moved for permission to withdraw his petition and discontinue the proceeding to the extent that it sought relief on his behalf and, further, requested the appointment of a receiver to collect and hold funds sufficient to pay petitioner's claim against the professional corporation for the balance due under the buy-out agreement. The following day, petitioner commenced a separate contract action against the professional corporation, Bronsky and respondent seeking payment pursuant to the aforesaid buy-out agreement. Bronsky and respondent opposed the discontinuance motion on the ground that each would be unduly prejudiced thereby. Supreme Court denied petitioner's motion and this appeal ensued.

We affirm. It is axiomatic that the authority to grant or deny a motion for discontinuance rests within the sound discretion of the trial court (see, Christenson v Gutman, 249 AD2d 805, 806). Factors militating against discontinuance include prejudice to an opposing party as well as the imposition of one or more counterclaims (see, Ruppert v Ruppert, 192 AD2d 925, 926), both of which circumstances prevail in the case at bar. Here, were petitioner permitted to withdraw, Bronsky would have insufficient shares to maintain the proceeding inasmuch as the Business Corporation Law provides that a dissolution proceeding may be brought only by the holders of one half or more of the outstanding shares of a corporation (see, Business Corporation Law § 1104 [a]). Moreover, respondent has, by way of counterclaims, interposed derivative claims on behalf of both

corporations that would be extirpated were the motion granted, thus requiring respondent to commence another action more than a year after interposing such claims and two years after the alleged conduct giving rise thereto. Under the circumstances, we cannot say Supreme Court abused its discretion in denying petitioner's motion.

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order and corrected order are affirmed, without costs.