■ 2009 85TH STREET CORP., Respondent-Appellant, v WHCS REAL ESTATE LIMITED PARTNERSHIP, Appellant-Respondent. [739 NYS2d 282] —In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated February 26, 2001, as denied that branch of its motion which was for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

"Multiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause" (*LaFreniere v Capital Dist. Transp. Auth.,* 105 AD2d 517, 518; *see, Giganti v Town of Hempstead,* 186 AD2d 627, 628). The Supreme Court properly declined to consider the defendant's argument in support of that branch of its motion which was for summary judgment dismissing so much of the complaint as concerned the validity of certain mortgages making up the subject consolidated mortgage. The defendant raised this argument in a prior cross motion for summary judgment dismissing the complaint. In addition, the Supreme Court properly denied the remaining portion of the defendant's motion as it failed to make a prima facie showing of entitlement to summary judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

Similarly, the Supreme Court providently exercised its discretion in declining to consider the plaintiff's argument in support of its cross motion for summary judgment on its complaint. In its cross motion, the plaintiff merely raised the same argument regarding the validity of the mortgages as it had raised in a prior motion for summary judgment.

The defendant's remaining contention is without merit. Santucci, J.P., Smith, Goldstein and Friedmann, JJ., concur.