■ Robert Burgos, Appellant, v City of New York, Defendant, and New York City Health and Hospitals Corporation, Respondent. [742 NYS2d 39] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about November 16, 2000, which granted defendant New York City Health and Hospitals Corporation's motion to dismiss, for failure to serve a timely notice of claim, so much of the complaint as is based on the alleged malpractice of Lincoln Hospital, and order, same court and Justice, entered August 31, 2001, which, inter alia, denied plaintiff's motion to renew the order of November 16, 2000, unanimously affirmed, without costs.

Plaintiff did not serve a notice of claim until more than a year after the cause of action accrued, and did not request leave to serve a late notice of claim until the instant motion to dismiss was made more than seven years after the cause of action accrued and some six years after commencement of the action. Plaintiff argues that such request was timely since the

year and 90 days he had to make it, measured from accrual of the cause of action (*see*, General Municipal Law § 50-e [5]; McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, § 1, as amended]; *Cohen v Pearl Riv. Union School Dist.*, 51 NY2d 256, 259), never began to run by reason of his continuous insanity. The argument was properly rejected, and the action was properly dismissed, for lack of evidence sufficient to raise an issue of fact in the latter regard. The toll afforded by CPLR 208 is "narrowly interpreted" to include "only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548). Here, the record establishes that plaintiff was not only capable of protecting his legal rights but in fact did so by engaging an attorney and verifying a notice of claim within a year after the alleged malpractice. He also signed authorizations, testified lucidly at a section 50-h hearing and deposition and requested and received various forms of public assistance (*see, Matter of Cerami v City of Rochester School Dist.*, 82 NY2d 809, 812-813; *Karczewicz v New York City Tr. Auth.*, 244 AD2d 285). The doctor's affirmation offered by plaintiff was vague and conclusory in asserting that plaintiff's "dementia and psychotic disorder [are] due to multiple medical conditions [that] have existed for many years and are permanent," and insufficient to raise an issue of fact as to whether such conditions prevented plaintiff from filing a notice of claim within 90 days of the alleged malpractice or seeking leave to do so at any time over the next seven years. The more detailed doctor's affirmation offered by plaintiff in his motion to renew was properly rejected for lack of an explanation as to why such was not offered on the original motion (CPLR 2221 [e] [3]). Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Friedman, JJ.