◼ In the Matter of the Dissolution of BRONSKY-GRAFF ORTHODONTICS, P.C., et al. DONALD A. BRONSKY, Appellant; BRONSKY-GRAFF ORTHODONTICS, P.C., et al., Respondents. DONALD A. BRONSKY, Appellant, v BRONSKY-GRAFF ORTHODONTICS, P.C., et al., Respondents. [780 NYS2d 208]—

Crew III, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered November 26, 2002 in Broome County, which, inter alia, in a proceeding pursuant to Business Corporation Law article 11, denied petitioner's motion for summary judgment dismissing the counterclaims of respondent Theodore W. Graff, (2) from an order of said court, entered November 26, 2002 in Broome County, which, inter alia, denied plaintiff's motion for summary judgment, and (3) from an order of said court, entered April 2, 2003 in Broome County, which, upon reargument, adhered to its prior orders.

In 1984, petitioner/plaintiff (hereinafter petitioner) and respondent/defendant Theodore W. Graff (hereinafter respondent) formed a professional corporation, respondent/defendant Bronsky-Graff Orthodontics, P.C. (hereinafter the professional corporation) in Broome County. Shortly thereafter, petitioner and respondent also formed respondent/defendant B & G Realty LLC (hereinafter the realty corporation) for the purpose of owning and managing the offices in which the professional corporation provided its services. Petitioner's son, respondent/defendant Peter T. Bronsky (hereinafter Bronsky), joined the professional corporation and the realty corporation in 1988. In December 1993, in contemplation of petitioner's retirement, petitioner entered into a buy-out agreement with the professional corporation, the realty corporation, respondent and Bronsky for the purchase of petitioner's interest in both corporations. Petitioner began receiving monthly payments pursuant to this agreement in January 1994.

Difficulties that apparently had been brewing between petitioner, Bronsky and respondent for some time thereafter came to a head and, on February 18, 1997, petitioner and Bronsky held a special shareholders' meeting at which they resolved to dissolve the professional corporation.[1] Prior thereto, by memorandum dated February 6, 1997, petitioner and Bronsky notified the staff of the professional corporation of their intent to dissolve such entity and advised that offers of employment for the "Bronsky Orthodontic Group" would be forthcoming.[2] Petitioner and Bronsky also, by letters dated February 8, 1997, began advising those dentists from whom the professional corporation received referrals of the contemplated split in the practice and the formation of the new father/son practice group. In conjunction therewith, petitioner and Bronsky filed articles of organization in March 1997, prompting respondent to file similar documents the following month. Petitioner and respondent then struck out on their own in or about October 1997, and petitioner continued to practice with Bronsky until late 1998 when petitioner retired. Respondent began practicing under the name "Graff Orthodontics" at some point in October 1997.

Thereafter, in December 1997, petitioner and Bronsky commenced the proceeding pursuant to Business Corporation Law § 1104 seeking dissolution of the professional corporation and the realty corporation. Respondent answered and asserted various counterclaims seeking, insofar as is relevant to the instant appeals, rescission of the buy-out agreement. In January 1999, petitioner moved for, inter alia, permission to withdraw his petition for dissolution. Supreme Court (Rose, J.) denied petitioner's application and, upon appeal, we affirmed (270 AD2d 792 [2000]).

In the interim, petitioner commenced a separate breach of contract action against the professional corporation, Bronsky and respondent seeking to recover the moneys allegedly due him under the terms of the 1993 buy-out agreement. Following joinder of issue, petitioner moved for, inter alia, summary judgment with respect to respondent's counterclaims in the context of both the dissolution proceeding and the breach of contract action. Supreme Court, by separate orders, denied petitioner's respective motions and, upon searching the record, granted re-

---

1. According to respondent, such meeting was conducted in violation of the professional corporation's bylaws.

2. The promised offers of employment apparently were extended in early September 1997, at which time the staff was informed that petitioner and Bronsky's separation from respondent would occur on October 1, 1997.

spondent summary judgment as to his counterclaim for rescission of the buy-out agreement. In conjunction therewith, Supreme Court also ordered dissolution of both the professional corporation and the realty corporation. Upon petitioner's subsequent motion for reargument, Supreme Court adhered to its prior decisions, and these appeals by petitioner ensued.[3]

We affirm. Simply put, petitioner, having engaged in what Supreme Court characterized as the "deliberate destruction" of the underlying professional corporation, cannot now seek to obtain a recovery from that "fatally wounded entity." To be sure, the parties debate whether petitioner's conduct constituted a breach of his fiduciary duty to the professional corporation and/or violated his employment contract. In this regard, petitioner steadfastly maintains that he never owned any interest in or shared in the profits from the spin-off practice, Bronsky Orthodontic Group. Rather, petitioner asserts, he was merely a bystander, lending his name to his son's efforts and assuming a passive role in all that unfolded.

The record nonetheless makes plain that petitioner not only engaged in conduct that brought about the dissolution of the professional corporation but, most significantly, actively sought to compete with the very entity from which he now seeks compensation. Notably, long before the dissolution proceeding was commenced—indeed, before the special shareholders' meeting at which the dissolution was voted upon even took place, petitioner and Bronsky, by correspondence dated February 6, 1997 and February 8, 1997, advised the professional corporation's staff and the dentists from whom that corporation received referrals of their intent to separate from respondent and form their own practice group. As noted previously, the staff was promised that offers of employment would be forthcoming (and they were), and the referring dentists were assured that the then-existing "professional and personal relationships" would remain the same. For petitioner to now claim that he in no way attempted to solicit personnel and/or business in competition with the then failing and now defunct professional corporation is simply specious. Under such circumstances, we agree with Supreme Court that it would be manifestly unjust to permit petitioner to recover, in addition to whatever distribution he may receive as a result of dissolution, the balance of the sum due under the buy-out agreement. Accordingly, it was entirely appropriate for Supreme Court to grant respondent the equitable remedy of rescission. Petitioner's remaining conten-

---

**3.** Bronsky withdrew his cross appeals, continues in his capacity as a respondent and seeks affirmance of Supreme Court's orders.

tions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.