■ In the Matter of the Dissolution of BRONSKY-GRAFF ORTHODONTICS, P.C., et al. DONALD A. BRONSKY, Petitioner, and PETER T. BRONSKY, Appellant; THEODORE W. GRAFF, Respondent. (And a Related Action.) [828 NYS2d 921]—

Cardona, P.J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered September 6, 2005 in Broome County which, in a proceeding pursuant to Business Corporation Law article 11, denied petitioner Peter T. Bronsky's motion to dismiss a counterclaim of respondent Theodore W. Graff.

The underlying facts are more fully set forth in this Court's prior decisions in this matter (*Matter of Bronsky-Graff Orthodontics, P.C.*, 9 AD3d 638 [2004]; 270 AD2d 792 [2000]). Briefly, petitioner Donald A. Bronsky (hereinafter Bronsky), petitioner Peter T. Bronsky (hereinafter petitioner) and respondent are orthodontists who together formed a professional corporation, Bronsky-Graff Orthodontics, P.C. (hereinafter the PC), and a realty corporation, B & G Realty, LLC (hereinafter the LLC), for the purpose of owning and managing the offices in which the PC provided its services. In 1993, in contemplation of his planned retirement, Bronsky entered into a buyout agreement with the PC, the LLC, petitioner and respondent for the purchase of his interest in both corporations and thereafter began receiving monthly payments pursuant to the terms of that agreement.

Difficulties thereafter developed and, ultimately, in December 1997, Bronsky and petitioner commenced a dissolution proceeding pursuant to Business Corporation Law § 1104 seeking to dissolve the PC and the LLC. Respondent answered and asserted various counterclaims contending, among other things, that petitioner tortiously interfered with and/or induced the

underlying breach of the buyout agreement. Supreme Court (Rose, J.) thereafter denied motions by Bronsky and petitioner for summary judgment dismissing respondent's counterclaims and, upon appeal, we affirmed Supreme Court's order in its entirety (270 AD2d 792 [2000], *supra*).*

Bronsky thereafter commenced a breach of contract action against the PC, petitioner and respondent seeking to recover the moneys allegedly due him under the terms of the buyout agreement. Following joinder of issue, Bronsky and petitioner again moved for summary judgment dismissing respondent's counterclaims in the context of both the dissolution proceeding and the breach of contract action. Supreme Court (Relihan, Jr., J.), by separate orders, denied the respective motions and, upon searching the record, granted respondent's motion for summary judgment as to his counterclaim for rescission of the buyout agreement and ordered dissolution of the PC and LLC. Upon appeal, we again affirmed (*Matter of Bronsky-Graff Orthodontics, P.C.*, 9 AD3d 638 [2004], *supra*).

Subsequent thereto, Bronsky and respondent reached a settlement as to all causes of action pending against one another, leaving for trial the remaining counterclaims seeking an accounting in the context of the PC dissolution, as well as respondent's counterclaim for tortious interference with contract. Petitioner then moved, for the third time, for summary judgment dismissing respondent's fifth counterclaim sounding in tortious interference with contract. Supreme Court again denied that motion, noting, among other things, that petitioner unsuccessfully sought such relief on two prior occasions. Implicit in Supreme Court's decision was a finding that the deposition transcripts offered by petitioner that purportedly constituted newly discovered evidence were insufficient to warrant entertaining the motion and/or granting the requested relief. This appeal by petitioner ensued.

We affirm. It is clear that "[m]ultiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause" (*La Freniere v Capital Dist. Transp. Auth.*, 105 AD2d 517, 518 [1984]; *see 2009 85th St. Corp. v WHCS Real Estate Ltd. Partnership*, 292 AD2d 520 [2002]). The deposition transcripts relied upon by petitioner do not yield sufficient new material or previously unavailable information to warrant revisiting his third request for dismissal of respondent's counterclaim for tortious interference with contract. As such,

---

* The propriety of the denials of those motions for summary judgment were not at issue on that appeal.

Supreme Court properly denied the requested relief. In light of that conclusion, we do not reach the remaining arguments raised by petitioner on appeal.

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.