■ CHRISTINE SEMENZA et al., Respondents, v LILLY'S NAILS, Appellant. [983 NYS2d 20]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered June 19, 2013, which denied defendant's motion to dismiss the complaint as time-barred, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

On January 9, 2010, plaintiff, Christine Semenza, allegedly sustained a cut to her foot during a pedicure at defendant's salon. Plaintiff sought treatment from several medical providers, and retained an attorney who wrote a letter to defendant on or about February 5, 2010 asserting that she had a claim against it for injuries. However, plaintiff claims she did not learn what caused her pain until March 17, 2010, when an orthopedist found a sliver of a razor embedded in her foot. Plaintiff commenced an action on February 18, 2013, more than three years after the incident.

The action is time-barred (*see* CPLR 214). Plaintiff may not avail herself of the tolling provision of CPLR 214-c (2), as the "types of substances intended to be covered [by that section] are toxic substances" (*Blanco v American Tel. & Tel. Co.*, 90 NY2d 757, 767 [1997]). A razor is not a "substance" within the meaning of the statute.

In any event, the action is untimely even if CPLR 214-c (2) applies, as plaintiff was aware of the "primary condition" for which she seeks damages more than three years before the commencement of the action, when she went to doctors and retained an attorney (*Whitney v Quaker Chem. Corp.*, 90 NY2d 845, 847 [1997]). Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Feinman, JJ.