■ IRENE SOLOVEY, Appellant, v DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, Respondent. [24 NYS3d 282]—

Appeal from order, Supreme Court, New York County (Frank P. Nervo, J.), entered June 11, 2014, which dismissed the action seeking a declaratory judgment on the basis that the relief sought was in the nature of mandamus and the four-month statute limitations for a CPLR article 78 proceeding had expired, unanimously dismissed, without costs, for failure to perfect the appeal in accordance with the CPLR and the rules of this Court.

Dismissal of the appeal is warranted because plaintiff omitted a complete copy of her opposition papers to defendant's motion to dismiss, which was a necessary paper upon which the order appealed was founded and should have been included in the record (*see* CPLR 5526; Rules of App Div, 1st Dept [22 NYCRR] § 600.10; *Quezada v Mensch Mgt. Inc.*, 89 AD3d 647 [1st Dept 2011]). Without plaintiff's opposition papers, it is impossible to determine whether she opposed dismissal on statute of limitations grounds, and if so, whether her arguments were properly rejected. It is also impossible to determine whether she preserved her argument that a hearing was required to determine whether the statute of limitations should be tolled under CPLR 208 due to mental incompetency (*see Borbon v Pescoran*, 106 AD3d 594 [1st Dept 2013]).

Were we not dismissing the appeal, we would find that Supreme Court did not err in forgoing a hearing on the issue of plaintiff's competency for purposes of the tolling provision of CPLR 208. The record belies plaintiff's contention that her depression and anxiety constitute "insanity" for purposes of the tolling provision of CPLR 208. During a November 20, 2012 hearing, plaintiff testified coherently and effectively as to her understanding of the stipulation's terms and her willingness to forgo her right to a tenure hearing, and her counsel, who was present when she signed the challenged stipulation, did not mention competency at that time (*see Karczewicz v New York City Tr. Auth.*, 244 AD2d 285 [1st Dept 1997]). Moreover, the record shows that at the time she signed the stipulation, plaintiff was able to continue caring for two elderly individuals with health problems and her teenage son, who had severe behavioral issues (*see Eisenbach v Metropolitan Transp. Auth.*, 97 AD2d 808 [2d Dept 1983], *affd* 62 NY2d 973 [1984]).

Finally, plaintiff's expert statements are inadmissible

because they are unsworn (*see e.g. Concepcion v Walsh*, 38 AD3d 317, 318 [1st Dept 2007]). Even if the expert letters were sworn, neither expert's letter establishes that plaintiff was insane when she signed the November 20, 2012 stipulation because they do not state or provide any indication how her mental illness rendered her unable to function in society at that time (*see Matter of McBride v County of Westchester*, 211 AD2d 792, 794 [2d Dept 1995], *lv denied* 85 NY2d 809 [1995]). Concur—Tom, J.P., Friedman, Sweeny, Acosta and Andrias, JJ.