Noe v Lynch (2024 NY Slip Op 00812)

Noe v Lynch

2024 NY Slip Op 00812

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 158331/22 Appeal No. 1657 Case No. 2023-02358 

[*1]Chelsea Noe, Plaintiff-Appellant,
v
David Lynch, et al., Defendants-Respondents.

Steven M. Melley, PLLC, Rhinebeck (Steven M. Melley of counsel), for appellant.
Aldous PLLC, New York (Kenneth E. Aldous of counsel), for David Lynch, respondent.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for USA Hockey, Inc., New York State Amateur Hockey Association, Inc., Saugerties Hockey League, Christopher Rivers and William Winters, respondents.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered April 3, 2023, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Defendants met their burden of showing that plaintiff's personal injury action is time-barred, as she failed to file it within three years of the alleged accident (CPLR 214-a; see Semenza v Lilly's Nails, 116 AD3d 409 [1st Dept 2014]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled by the provisions of CPLR 208, as her submissions do not show that she was unable to function independently in society at the time the action accrued (see Rodriguez v Mount Sinai Hosp., 96 AD3d 534 [1st Dept 2012]; see also Dookhie v Woo, 180 AD3d 459 [1st Dept 2020]; cf. Matter of Verdugo, 206 AD3d 577 [1st Dept 2022]). Plaintiff held a part-time job for one year following her injury, and she lived independently with a housemate (see e.g. Burgos v City of New York, 294 AD2d 177 [1st Dept 2002]). Plaintiff's neuropsychology expert also found that her verbal and language skills, spatial-perceptual reasoning, and memory were "very good" or "above average" (see id.; cf. Santana v Union Hosp. of Bronx, 300 AD2d 56, 57 [1st Dept 2002]). Thus, CPLR 208, which is to be "narrowly interpreted," is inapplicable (see McCarthy v Volkswagen of Am., 55 NY2d 543, 547 [1982]).
In addition, the tolling effect of Executive Order No. 202.8 and its subsequent extensions cannot save plaintiff's untimely claim (see Murphy v Harris, 210 AD3d 410, 411-412 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024