Nationstar Mtge., LLC v Rampersad (2026 NY Slip Op 01070)

Nationstar Mtge., LLC v Rampersad

2026 NY Slip Op 01070

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-06672
 (Index No. 717324/19)

[*1]Nationstar Mortgage, LLC, etc., respondent,
vRick Rampersad, et al., defendants, Windward Bora, LLC, appellant.

Anthony J. LoPresti, Garden City, NY (Gail M. Blaisie of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLP, New York, NY (Daniel S. LoPresti of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Windward Bora, LLC, appeals from an order of the Supreme Court, Queens County (Tracy A. Catapano-Fox, J.), entered March 22, 2024. The order granted those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 3217(b) to discontinue the action and the counterclaims asserted by the defendant Windward Bora, LLC.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3217(b) to discontinue the counterclaims asserted by the defendant Windward Bora, LLC, and substituting therefor a provision denying that branch of the motion and severing and continuing those counterclaims; as so modified, the order is affirmed, without costs or disbursements.
In October 2019, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Windward Bora, LLC (hereinafter Windward). In July 2020, Windward served an answer asserting various affirmative defenses and counterclaims. In December 2023, the plaintiff moved, inter alia, in effect, pursuant to CPLR 3217(b) to discontinue the action and the counterclaims asserted by Windward. Windward opposed the motion, arguing, among other things, that its counterclaims could not be subject to discontinuance. In an order entered March 22, 2024, the Supreme Court granted those branches of the plaintiff's motion. Windward appeals.
"The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court" (Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883; see Tucker v Tucker, 55 NY2d 378, 383; Aurora Loan Servs., LLC v Hunte, 189 AD3d 1525, 1526). Generally, such motions should be granted, "'unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results'" (Haughey v Kindschuh, 176 AD3d 785, 786, quoting Marinelli v Wimmer, 139 AD3d 914, 915; see Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc., 58 AD3d 686). "Factors militating against discontinuance include prejudice to an opposing party as well as the imposition of one or more counterclaims" (Haughey v Kindschuh, 176 AD3d at 786 [internal quotation marks omitted]; see [*2]Aison v Hudson Riv. Black Riv. Regulating Dist., 279 AD2d 754, 755; Matter of Bronsky-Graff Orthodontics, P.C., 270 AD2d 792, 793).
Applying these principles here, the Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3217(b) to discontinue the action. However, under the circumstances of this case, the court should have also directed that Windward's counterclaims be severed and continued (see generally Banschick v Johnson, 222 AD3d 608, 611).
Windward's remaining contention is without merit.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court